CASE 47—ACTION ON INSURANCE POLICY.

# Moore v. Continental Insurance Co.

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

INSURANCE—WAIVER OF FORFEITURE.—Although an insurance policy contains a clause that non-payment of a premium note shall suspend the insurance until the note shall be paid, an effort on the part of the insurance company to collect after maturity and within the period covered by the risk is a waiver and the company is liable.

DAVID R. MURRAY FOR APPELLANT.    (H. C. MURRAY OF COUNSEL.)

The retention of the note and the effort to collect it operated as a waiver of the forfeiture.   Moreland v. Union Cent. L. Ins. Co., 104 Ky., 129.

CLARENCE DALLAM FOR APPELLEE.    (M. B. BOWDEN OF COUNSEL.)

1. A provision in a policy of insurance, which requires notes given in payment therefor to be paid promptly at maturity, and specifying that, in the event the insured fails to pay said notes at maturity, the policy shall lapse, and afford no protection for any loss that occurs after the maturity, and before the payment of such notes, is valid and reasonable and does not contravene any principle of public policy.  Such provisions are enforceable. Joyce on Insurance, secs. 1204, 5 and 8; Ostrander on Fire Ins. (2d ed.), sec. 93, ch. 4; 11 Am. & Eng. Ency. of Law, 304; St. Louis Life Ins. Co. v. Grigsby, 10 Bush, 314; Blackerby v. Cont. Ins. Co., 83 Ky., 574;  Hodges v. Cont. Ins. Co., 12 Ky. L. R., 138; Fowler v. Met. Life Ins. Co., 10 L. R. A., 805; Life Ins. Co. v. Pendleton, 112 U. S., 707; Holly v. Met. Life Ins. Co., 105 N. Y., 444; 1st. Disney (Ohio) 355 (syl.), Sanderson v. N. E. Life Ins. Co.; Pitt, admrx., v. Berkshire L. I. Co., 2 Disney, 106; 100

[ 18 ]

Mass., 500; Schultz v. Hawkeye Ins. Co., 42 Iowa, 245; Watrous
v. Miss. Val. Ins. Co., 35 Iowa, 584; Cont. Ins. Co. v. Dorman, 125
Ind., 192; 6 L. R. A., 95; Cont. Ins. Co. v. Dorman, 25 N. E., 213;
Rochner v. Knickerbocker Ins. Co., 63 N. Y., 106; Thompson
v. Knickerbocker Ins. Co., 2 Wood, 547; Cont. Ins. Co. v. Daly,
33 Kas., 601; Beadle v. Chenango Co. Mut. Ins. Co., 3 Hill, 161;
Fenn v. Ins. Co., 48 La. An., 541; Williams v. Albany City Ins.
Co., 19 Mich., 492; Home v. Garbacz, 67 N. W., 864; Phoenix v.
Bachelder, 32 Neb., 493; Wall v. Home Ins. Co., 36 N. Y., 158;
Jolliffe v. Madison Mut. Ins. Co., 39 Wis., 115; Dwight v. Ger-
mania Ins. Co., 103 N. Y., 341; N. W. Ins. Co. v. Hazelette, 105
Ind., 211; Mooney v. Home Ins. Co., 72 Mo. App., 92.

2. A policy that has lapsed from non-payment of the premium note
or any installment thereof, at maturity, under such provision
in the note and policy, can only be revived by the payment of
same, or by some positive act of the insurer, or its agent, which
would constitute a waiver of such provision. The allegations
contained in the petition are not sufficient to constitute a waiver.
The basis of a waiver is estoppel. 25 Am. & Eng. Ency. of Law,
901; Home Ins. Co. of N. Y. v. Karn, 19 Ky. Law Rep., 273;
Curtin v. Phoenix Ins. Co., 78 Cal., 619; Phoebstel v. Knicker-
bocker L. Ins. Co., 45 Pac., 308; Lantz v. Vermont L. Ins. Co.,
10 L. R. A., 577; Thompson v. Ins. Co., 104 U. S., 258; Baker
v. Union Mut. L. Ins. Co., 43 N. Y., ——; Howell v. Knicker-
bocker Ins. Co., 44 N. Y., 281; Palmer v. Cont. Ins. Co., 31 Mo.
App., 473; Equit. Assn. Soc. v. McElroy, 83 Fed. Rep., 613; Sul-
livan v. Cont. Indemnity Assn., 29 S. E., 41.

CLARENCE DALLAM FOR APPELLEE IN A PETITION FOR A REHEARING.

1. Where the policy and premium note each provide that in the
event any installment of the premium note is past due and un-
paid the policy shall at once lapse, but that payment of all past
due installments made at any time, within the extreme limit of
the policy shall immediately cause said policy to revive and be
reinstated, there is no liability for a loss occurring while an
installment is past due and unpaid. It is the duty under the
contract of the appellee to receive payment of any installment
whenever tendered, and in so doing, it can not be held to have
waived any part of its rights under said contract. Potter v.
Continental Ins. Co., decided by this court Nov. 24, 1899; Thomp-
son v. Ins. Co., 104 U. S., 258.

2. A promise to pay made by the assured at the time a demand for
payment of a past due installment is made can not, as would a
payment, revive the policy where there is no agreement to that
effect made by the company. Home Ins. Co. v. Karn, 19 Ky.
Law Rep., 273.

3. An unsuccessful demand for such payment when it is made with the condition that it will immediately revive said policy can not be regarded as a waiver of the suspension of said policy; it is no evidence of an intent to waive; it is not a fraud on the insured; his position is not altered thereby; he is not misled as to his situation; he has no reason for thinking his property covered by the policy; and for a loss occurring after such demand, but before payment, and when no extension of time for payment has been given him, the appellee can not be held liable. Home Ins. Co. v. Karn, 19 Ky. Law Rep., 273; Moreland v. Cent. Union L. Ins. Co., 20 Ky. Law Rep., 432; 28 Am. & Eng. Ency. of Law 431; Bigelow on Estoppel 663; Joyce on Insurance, secs. 1371, 1373; Mutual Protection Life Ins. Co. v. Lawry, 84 Pa. St., 43; Ins. Co. v. Wolff, 95 U. S., 330; Crawford County Mut. Ins. Co. v. Cochran, 99 Pa. St., 230; Baker v. Union Mut. L. Ins. Co., 43 N. Y., 288; Sullivan v. Continental Indemnity Assn., 29 S. E. R., 41; Bacon on Benefit Societies, &c., secs. 423, 432; Robertson v. Mutual L. Ins Co., 88 N. Y., 541; Security Ins. Co. v. Fay, 22 Mich., 467; Schmidt v. Modern Woodmen, &c., 54 N. W., 255; Stiefel v. German American M. L. Assn., 55 M. A., 224; Manhattan L. Ins. Co. v. Pentecost, 20 Ky. Law Rep., 1442; New Zealand Ins. Co. v. Maaz, decided by the Court of Appeals of Colorado in December, 1899.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

It appears from the record in this case that the appellee issued an insurance policy to the appellant in 1894 upon a dwelling house and other property, insuring same against loss by fire in the sum of $1,710, for the sum of $68.40, payable in annual installments of $17.10, falling due the first of February, 1895, 1896, 1897 and 1898, respectively; for which it appears that an obligation of appellant was executed therefor, payable as aforesaid.

It further appears that the installments were paid up to and including February 1, 1896, and that on the 12th of August, 1897, the entire property insured was destroyed by fire.

On the 29th of December, 1897, the appellant instituted his action in the Breckinridge Circuit Court, seeking to recover judgment against the appellee for the sum of $1,-

580, the alleged value of the property destroyed by fire as aforesaid.

It is alleged in the petition that the plaintiff had been a patron of the appellee company for fifteen years, and that it had been the custom of the company to give indulgence on the premium notes, and accept payment thereof after maturity; and that in April, 1897, the agents of appellee, to-wit, Barnes & Kincheloe, notified appellant that they had for collection the premium note due February 1, 1897, and that appellant notified said agents that he would pay the note, and that on August 12, 1897, he went to the office of said agents in Hardinsburg, Ky., between the hours of 9 and 12 a. m., able and willing and intending to pay off said note, but that he was unable to find either of said agents; and that afterwards, but on the same day, his property was totally destroyed by fire. Some other allegations were made in the petition tending to show a right to recover, which need not be noticed.

After the filing of an answer controverting plaintiff's right to recover, a demurrer was filed to the answer, which, on motion of appellee, was carried back to the petition, and the court below sustained the demurrer to the petition, and dismissed the action, and from that judgment this appeal is prosecuted.

It is insisted for the appellant that the contract of insurance was a completed contract, and the mere failure to pay the stipulated premiums did not in law avoid the policy or render the same null and void; it being the contention that the contract was executed, and that appellant was entitled to the benefit of the insurance, and that appellee was entitled to collect the premium note given. But we deem it unnecessary to pass upon this question.

It is the further contention of appellant that the appellee, by insisting upon the payment of the premium note, waived any forfeiture, if a right to a forfeiture had accrued.

This court in Moreland v. Union Central Life Insurance Co., 104 Ky., 129; [20 Ky. L. R., 432, 46 S. W, 576], decided that where a policy of life insurance provided, by its terms, that the failure of the insured to pay an annual premium on or before the day it became due, rendered void and nullified the policy, "without action on the part of the company," and the insured failed to pay a note executed for a premium at maturity, a demand of payment by the company after the date of maturity of the note operated as a waiver of. the forfeiture; and it is insisted for appellant that the case at bar comes within the rule announced in the opinion *supra*.

That the appellee was demanding the payment of the note long after its maturity, and that he notified the appellee that he would pay the same, and sought an opportunity to pay the same, as hereinbefore indicated.

It is, however, insisted for appellee that the case at bar is not similar to the case of Moreland v. Union Central Life Insurance Co.

It is said in this case that the policy does not provide for the forfeiture of the policy, but merely provides that the company shall not be liable for any loss or damage that may occur while the premium note, or any part, remains past due and unpaid.

And it further provides that payment of the note, or the part thereof past due, shall immediately revive the policy and continue its protection; and the condition of the note is to the same effect.

There is no power given to demand payment of the note,

and at the same time insist upon the forfeiture of the policy, except in the event that the assured refuses to settle for the time expired as per terms on short rates, when the whole amount of the installment remaining unpaid shall be declared earned and may be collected by law.

It is true that the appellant might, by making the payment to the office in New York or Chicago after default had been made, revive the policy.

But the petition shows that the demand made upon him for payment by the agents of the company was without any conditions.

Nothing was said as to settling upon the basis of short rates, nor as to any payment to be made in order to revive or continue in force the policy.

We are unable to distinguish the case at bar from the principle announced in the case of Moreland v. Union Central Life Insurance Co., *supra.*

It results from the foregoing that the court erred in sustaining the demurrer to the petition.

The judgment appealed from is reversed, and cause remanded, with directions to overrule the demurrer to the petition and for proceedings consistent herewith.