CASE 68—ACTION BY J. W. WALLS AGAINST THE HOME INSURANCE
COMPANY OF NEW YORK TO· RECOVER LOSS ON A POLICY OF FIRE
·INSURANCE.—JAN. 28.

# Walls v. Home Insurance Co. of New York.

APPEAL FROM CLAY COUNTY.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.     REVERSED.

Held:   1. Plaintiff effected insurance on his property for a term of
years, the premiums to be paid annually.  He paid the premium
for the first year, and gave a note for the deferred premiums, the
note and policy providing that, if any installment was not paid
when due, the company should not be liable for loss during such
default, and the policy should lapse until payment should be
made.     The first installment, due in June, was not paid, and
the company sent the note to its nearest agent to collect.   Dur-
ing the next six months the agent sent plaintiff three notices,
each demanding payment of the full amount of the installment,
and in January returned the note to the company as uncollect-
ible.   On March 19th plaintiff mailed a check for the full
amount of the installment, which was never received.   On
March 23d the property was burned.   HELD, that the company,
by demanding payment of the full amount of the installment
long after it was due, waived the conditions providing for lapse
of the policy during default, and thereby continued the policy
in force.

2. The check was not received or accepted as payment, or pleaded as
such, and was never paid, and plaintiff did not at that time
or thereafter have sufficient funds in the bank on which it was
drawn to have paid the check.   HELD, that the mailing of the
check was not payment of the installment due, but in an action to
recover under the policy, evidence of the mailing of the check
was relevant as tending to show that plaintiff had not aban-
doned his contract, and that he considered himself bound thereon.

JOHN W. LEWIS, ATTORNEY FOR APPELLANT.

## CLASSIFICATION OF QUESTIONS DISCUSSED AND AUTHOR-
ITIES CITED.

1. An insurance company retaining the overdue installment
note for premium and insisting upon and demanding payment
of same with notice to insured that if not paid same would

be put out for collection or be sued on, waives its rights to forfeit the policy or to consider it as lapsed and it remains in force. Moreland v. Union Central Life Ins. Co., 20 Ky. Law Rep., 434; Joyce on Insurance, secs. 1372 and 1379; Montgomery v. Phoenix, & Co., 14 Bush, 71; Home Insurance Co. v. Karns, 19 Ky. Law Rep., 276, 277; Phoenix Ins. Co. v. Speans & Thomas, 87 Ky., 297; Moore v. Continental Ins. Co., 21 Ky. Law Rep., 977.

2. A check may be made absolute payment by agreement and is payment when not dishonored. National Park Bank v. Levy Brothers, Sup. Ct. Rhode Island, 19 Lawyer's Reports Annotated, 477; Morse on Banks and Banking, 3d edition, secs. 543, 545; Cromwell v. Lovett, 1 Hall, 64; Smith v. Jones, 1 Bush, 106; Lester & Co. v. Given, Jones & Co., 8 Bush, 359.

3. The demand for payment of overdue installment of premium note being unconditional and nothing being said about short rates or as to any payment to be made in order to revive or continue in force the policy, same is continued in force. Moreland v. Union Central Life Ins. Co., 20 Ky. Law Rep., 432; Moore v. Continental Ins. Co., 21 Ky. Law Rep., 977.

W. C. McCHORD, FOR APPELLEE.

## CLASSIFICATION OF QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1. A contract of insurance by the terms of which the insurance ceases on default of the payment of an installment of the premium at maturity, is not against public policy, and is enforcible, and a loss occurring during the time of such default can not be recovered, notwithstanding the insurer may have demanded that the insured comply with his contract to pay such insurance before the loss. Home Ins. Co. New York v. Karns, 19 Ky. Law Rep., 273; Holly v. Metropolitan Life Ins. Co., 105 N. Y., p. 437; Bosworth v. Western Mutual Aid Society, 75 Ia., 582; Ashbrook v. Phoenix Mutual Life Ins. Co., 94 Mo., 72; Robinson v. Continental Ins. Co. (Mich.) Lawyer's Report Annotated, vol. 6, p. 95; Fowler v. Metropolitan Life Ins. Co. New York, Lawyer's Report Annotated, vol. 5, p. 805.

2. Where a policy of insurance against loss by fire is issued on the installment plan, and the policy and notes given for the installment, provide that on default in payment of any installment due on the installment note, all of said installments shall be deemed earned as premiums, and are collectible by law; a demand of the payment of past due installment does not constitute an extension of time of payment, nor waive the forfei-

ture provided for in the policy.    Moreland v. Union Central Life Ins. Co., 20 Ky. Law Rep., p. 432.

3. Parties to an insurance contract have the right to insert therein such lawful conditions as may be agreed upon, or which may be considered necessary and proper to protect their interest, and which, when made, must be construed and enforced according to the expressed intent of the parties.    Dwight v. German Ins. Co., 103 New York, p. 341.

4. It is not lawful, or against public policy, for a contract of insurance to stipulate that upon certain conditions, or contingencies, the policy shall be void.    Northwestern Mutual Life Ins. Co. v. Hazlett, 105 Ind., p. 212.

5. If there is any one thing more than another which public policy requires, it is that men of full age and competent understanding shall have the utmost liberty of contracting, and that their contracts, when entered into fairly and voluntarily shall be held sacred and shall be enforced by courts of justice. Therefore, we have this paramount public policy to consider and that you are not lightly to interfere with the freedom of contracts.    175 U. S. Lawyer's Edition, p. 91.

6. The appellant, who prosecutes an appeal upon an impartial transcript, does so at his peril, and if it appears that part of the testimony used on the trial in the court below, is not copied in the transcript, it will be presumed in support of the judgment that it will sustain the averments of appellee's pleadings.    Jones v. Jackson, 13 Ky. Law Rep., p. 253; McKee v. Stein, 91 Ky., p. 240.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

Appellant, Walls, effected a contract of insurance upon his dwelling house and contents with appellee insurance company for a term of years upon the plan of paying the premiums in annual installments.   The first premium was paid in advance for the first year's insurance.  Appellant, when taking the insurance, executed to appellee a note for $30 for the aggregate of the four remaining years of the term.    An equal part, to-wit, $7.50, was to be paid the 1st day of June of each year, and in advance for the insurance for that year.   The note contained this additional stipulation: "And it is hereby agreed that, in case any one of the installments herein named shall not be

paid at maturity, or if any single payment promissory note (acknowledged as cash or otherwise) given for the whole or any portion of the premium for said policy shall not be paid promptly when due, this company shall not be liable for loss during such default, and the said policy shall lapse until payment is made to this company at the Western Farm Department at Chicago; and, in the event of nonsettlement for time expired as per terms on short rates, the whole amount of installments or notes remaining unpaid on said policy may be declared earned, due, and payable, and may be collected by law." The policy contained an expression of the same idea, and other conditions relating thereto in this language: "But it is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any installment of the installment note given for the premium upon this policy, remains past due and unpaid, or while any single payment promissory note (acknowledged as cash or otherwise) given for the whole or any portion of the premium remains past due and unpaid. Payments of notes and installments thereof must be made to the said Home Insurance Company at its Western Farm Department office in Chicago, Illinois, or to a person or persons especially authorized to collect the same for said company. . . . The company may collect, by suit or otherwise, any past-due notes or installments thereof, and a receipt from the said Chicago office of the company for the payment of the past-due notes or installments must be received by the assured before there can be a revival of the policy, such revival to begin from the time of such payment. . . . This company reserves the right to cancel this policy or any part thereof by tendering to the assured the unearned pro rata premium, after due notice to that

effect, either by mail addressed to the assured at his, her or their post-office address as named in this policy or otherwise. The assured may also cancel when the premium or note or obligation given for such premium has been actually and fully paid in cash, in which case the company shall retain the expenses of writing, procuring and taking the risk, and the usual short rates from the date of the policy up to the time it is received for such cancellation." There is contained in the policy this further expression: "This contract being based upon the mutual good faith of the parties hereto, it is agreed," etc. The installment due June, 1900, was not paid. Appellee retained the note. Appellant retained the policy. Appellee wrote appellant to pay the installment after it was due and default had been made. In the following July appellee had sent the note to its agent at Springfield, near appellant's post-office address, with instructions to collect the note. The agent sent appellant three notices. The agent's evidence on this point is as follows: "Q. Did you notify Mr. Walls? A. I sent him three notices. Q. What was the substance of them? A. That his installment due on the 1st of June, 1900, was in arrears, and that, if he would send me the money, I would have the company send him a receipt. That is about the way I send the first two notices usually. I always use about the same form. I don't remember the words exactly. In the last notice I sent him— in January, I reckon—I notice that I turned the note back to the company about the latter part of January. I have the receipt for the note. I wrote them that I could not collect it—I told him that he would have to pay it, or I would send it in to the company, and let them put it out for collection." Appellant failed to respond to these notices until March 19, 1901, when he mailed to appellee's

agent at Springfield a check on the Peoples' Deposit Bank
of Springfield for $7.50. It seems to be pretty clearly
established that this check was mailed at appellant's
post-office, but that it was not received by the
agent. Certain it is that it was not presented to the bank'
nor paid. On March 23, 1901, the insured house was de-
stroyed by fire, and the contents destroyed, or badly dam-
aged. Upon this state of facts the court, at the conclusion
of the evidence, ordered a verdict for appellee.

The correctness of these instructions depends upon
whether appellee had waived the conditions of its policy and
of the note that the policy should lapse, and the company
not be liable for loss, during default in the payment of the
premium. It will be observed that the insurance company
not only retained the note executed by appellant for the
premium after it was due, but that it unconditionally re-
quested the payment in full of that part of the note which
represented the whole premium for the year beginning
June 1, 1900. Nothing was said at the time concerning
the company's claim that the policy was lapsed, or that
the company's liability thereon was suspended during such
time as the premium was unpaid. Nor was there coupled
with the demand any statement by the company limiting
its liability to future insurance, and denying its lia-
bility for the time intervening since the default in the
payment of premium. In Moreland v. Insurance Co., 104
Ky., 129 (20 R., 432) (46 S. W., 516), there had been default
in the payment of the insurance premium past due, evi-
denced by the note of the assured, the policy containing
a provision that the failure to pay any of the first three
installments, or notes, or interest upon the notes given
for any of said premiums on or before the days on which
they became due, should void and nullify the policy with-

out action on the part of the company. The company in that case retained. the premium note after its maturity, and made an unconditional demand for its payment, and indeed, placed it in the hands of its attorney for collection. The court formulated these two questions in that case as the propositions between which the law must make choice in giving construction and effect to such act on the part of the insurance company, namely: "The question is, can the company insist on payment of the note, and at the same time consistently say that the policy, having been forfeit-ed by its nonpayment, remains forfeited? Or will not the real intention of the parties be effected by holding that, although the policy was forfeited by this nonpayment, yet, as the retention of the note and demand for its payment after maturity are acts inconsistent with an intention to insist on a continued forfeiture, therefore the forfeiture is to be deemed waived?" The court chose the latter, not being able to find satisfactory legal principle upon which the company might "insist on the one hand on the insured complying with his part of the contract, and on the other insist that the contract is a dead one." The court held, too, that all the insured was required to do after the default in premium under such condition, if it did not wish to continue its liability under the policy, was to so act that its conduct would not be inconsistent with the claim of nonliability. Counsel for appellee here puts the question: Can not these parties make such contract as is suit-able to themselves, and may it not be enforced according to its terms? Their right to contract is not limited in re-spect to the terms of the insurance. While parties may contract with reference to insurance, they may also waive conditions of their contract. The question here presented is: Has the insurer waived that condition of its contract

of insurance providing for lapsing of the policy upon default in payment of the premium? That the insurer could not be compelled to carry this liability under the contract without payment in advance is not to be doubted. On the other hand, if it saw proper to carry the liability without the payment of the premium in advance it could do so. Here the premium had been in default from June until January following, when the company was insisting upon the payment of the whole of the premium for the current year. Nothing would be owing the company for the time from June 1, 1900, until the dates of the respective demands for the payment of the premium thereafter, if, as a matter of fact, the policy had lapsed, and the company was not bound thereon, because, manifestly, if the company was not bound for the loss in case of fire, the insured was not bound for the payment of the premium during such time. On the other hand, if the insured was bound for the payment of the premium, and was so treated by the company, and acceded to by the insured, then it must follow that the company was bound upon its policy; for that, and that alone, could uphold as a consideration the promise and obligation of the insured to pay the premium. As said in the Moreland case, supra, the action of the company in demanding unconditionally the payment of the note was an act inconsistent with the idea that the policy had lapsed, and that it was not bound thereon. The same principle was approved and appled by this court in Moore v. Insurance Co., 107 Ky., 273 (21 R., 977) (53 S. W., 652). We are of opinion that the conduct of appellee amounted to a waiver of the conditions of the policy providing for the suspension of its liability after default in the payment of the premium until the premium should be paid.

It is claimed by appellant that the mailing of the $7.50

check heretofore referred to was in law a payment of the premium due June 1, 1900. It was shown by the testimony of appellant and by the postmaster at whose office the letter was mailed that the check was filled out and signed and placed in an envelope, properly addressed, and that it was placed in the mail pouch. It is claimed that after the necessary time had elapsed for it to have reached the addressee in due course its receipt and acceptance will be presumed, and it will be adjudged that the facts stated constituted a payment. This contention can not be sustained in this case for the following reasons: (1) It was not pleaded that the premium had been paid; (2) It was not shown that appellee's agent received or accepted the check in payment; (3) the check was not in fact paid, nor presented to the bank upon which it was drawn; nor (4) did appellant have at the time, or any time thereafter before the fire, enough funds in the bank to his credit to have paid the check. However, the fact that appellant sent the check under the circumstances stated by him was relevant as tending to show that he had not abandoned his contract, and that he considered himself bound thereon.

But for the reasons indicated, the judgment must be reversed, and the cause remanded for a new trial under proceedings not inconsistent herewith.