## Limerick v. Home Insurance Company.

(Decided December 3, 1912.)

### Appeal from Grant Circuit Court.

Insurance, Fire—Unpaid Installment Note—Demand of Payment of—Forfeiture of Policy—Waiver.—Although the policy of fire insurance provides that it shall not be in force while any installment note executed for a part of the premium remains due and unpaid, the company by demanding unconditionally the payment in full of a past due note waives the right to insist on the forfeiture of the policy and is liable for a loss although it occurred before its letter making the demand, reached the assured.

O. S. HOGAN and CLORE, DICKERSON & CLAYTON for appellant.

A. G. DEJARNETTE and FLEXNER & GORDON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

On April 15, 1908, R. E. Limerick insured his dwelling house, its contents and a barn in the Home Insurance Company for five years, the premium to be paid in five annual installments. The insurance on the barn was $500. At the time of the issual of the policy he made a cash payment and gave his note for four annual installments payable May 1, 1909, 1910, 1911, 1912. The installment of the premium note which came due on May 1, 1911, was not paid when due, and had not been paid on June 5, 1911, when the barn covered by the policy was struck by lightning and destroyed by fire. The policy contained this provision:

"But it is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any installment of the installment note, given for premium upon the policy, remains past due and unpaid; or while any single payment, promissory note (acknowledged as cash or otherwise) given for the whole or any portion of the premium, remains past due and unpaid. Payments of notes and installments thereof must be made to the said Home Insurance Company at its Western Farm Department office in Chicago, Illinois, or to a person or persons expressly authorized to collect the same for said company. And it is expressly agreed that the failure of the assured to receive the notices that may be sent by the company of the approaching maturity of the premium note or notes, or any installment thereof, shall not operate to render the company liable for any loss or damage while such note or notes, or installment thereof, remain overdue and unpaid. The company may collect, by suit or otherwise, any past due notes or installments thereof, and a receipt from the said Chicago office of the company for the payment of past due notes or installments must be received by the assured before there can be a revival of the policy, such revival to begin from the time of said payment, and in no case to carry the insurance beyond the end of the original term of this policy."

A similar provision was contained in the application signed by the insured and in the note which he executed. On June 1, 1911, the company by its agent wrote the insured the following letter:

"Falmouth, Kentucky, June 1, 1911.

"Doctor R. E. Limerick,

"Corinth, Ky.

"Dear Sir—Say, Doctor, the Home Insurance Company has mailed your installment note to me for collection. So please send me your check as soon as you receive this notice for $28, payable to the Home Insurance Company of New York and I will send it in with the note to the company. So please attend to this at once and ablige,

"Yours very truly,

"A. G. MEADOR."

This letter was received by Dr. Limerick on June 5, while the barn was burning. He thereupon mailed the agent a check for the amount of the note, which was in due time received by the agent and returned to the insured on the ground that the barn was burned when the check was sent and the company was not liable. This suit followed. At the conclusion of the evidence for the plaintiff which showed these facts, the circuit court instructed the jury peremptorily to find for the defendant. The plaintiff's petition having been dismissed he appeals.

In Walls v. Home Ins. Co., 114 Ky., 611, a similar policy had been issued and the insured had failed to pay one of the installment notes. In that case as here the insurance company had demanded payment of the full amount of the installment long after it was due, and it was held that the unconditional demand of payment was a waiver of the forfeiture of the policy. The court following Moreland v. Union Central Life Ins. Co., 104 Ky., 129, said:

"The question here presented is: Has the insured waived that condition of its contract of insurance providing for lapsing of the policy upon default in payment of the premium? That the insurer could not be compelled to carry this liability under the contract without payment in advance is not to be doubted. On the other hand if it saw proper to carry the liability without the payment of the premium in advance it could do so. Here the premium had been in default from June until January following, when the company was insisting upon the payment of the whole of the premium for the current year. Nothing would be owing to the company for the time from June 1, 1900, until the dates of the respective

demands for the payment of the premium thereafter, if, as a matter of fact, the policy had lapsed, and the company was not bound thereon because, manifestly, if the company was not bound for the loss in case of fire the insured was not bound for the payment of the premium during such time. On the other hand, if the insured was bound for the payment of the premium, and was so treated by the company, and acceded to by the insured, then it must follow that the company was bound upon its policy; for that, and that alone, could uphold as a consideration the promise and obligation of the insured to pay the premium. As said in the Moreland case, supra, the action of the company in demanding unconditionally the payment of the note was an act inconsistent with the idea that the policy had lapsed, and that it was not bound thereon. The same principle was approved and applied by this court in Moore v. Ins. Co., 107 Ky., 273.''

It will be observed that the letter in this case is an unconditional demand for the payment of the entire note. No conditions are attached to the demand and nothing is said about the insurance not being in effect. In New England Life Ins. Co. v. Springgate, 129 Ky., 627, where a letter much similar had been written, this court said:

''The company was insisting on the payment of the note. It treated the policy as in force, and took the risk of the assured being in good health. It cannot be allowed to withdraw the election it thus made when it subsequently ascertained that the assured was then sick, and afterwards died. The letter shows an unequivocal election to treat the policy as a subsisting obligation.''

In that case it was pointed out that it was not material that the letter was not received by the assured before the loss occurred, as the case turned not on his conduct, but on the election of the company not to treat the policy as forfeited, the letter having been written before the loss occurred. (See also N. Y. Life Ins. Co. v. Evans, 136 Ky., 391.) A contrary rule was not intimated in Continental Ins. Co. v. Peden, 145 Ky., 775. In that case the company did not unconditionally demand the payment of the note. Pointing this out, we said:

''What is the effect of the letter? It does not demand the payment of the note at all hazards; it does not recognize the note as a subsisting liability, except

in the event that appellee desires to revive his insurance; it states most emphatically that when the amount due is received proper receipt reviving the insurance will be forwarded." Again, it states: "You will readily realize the importance of paying the installments at an early date, in order that the insurance may be reinstated." In the notice mailed on the 15th we find the following: "The amount of payment necessary to revive the insurance under the above policy is $9.40." In another part of the notice is the following: "If you do not desire to have the insurance revived the amount now required to pay the earned premium to date is $18.60. While the law requires us to designate the amount of the earned premium you must pay to cancel policies, for your own protection we would prefer you to pay your delinquent premium installment and thus revive your insurance.

"The difference between this case and the cases of Walls v. Home Ins. Co., and Moreland v. Union Central Life Ins. Co., may readily be seen. In each of these cases the company recognized the note as a liability at all events, and made an unconditional demand for payment. In the present case there was no unconditional demand for payment, but merely a notice or request to pay in the event the insured desired to revive the insurance."

The company here, having made an unconditional demand for the payment of the note, is liable on the policy on the facts shown. The circuit court erred in instructing the jury to find for the defendant.

Judgment reversed and cause remanded for further proceedings consistent herewith.