## Home Insurance Company of New York v. Smither.

(Decided May 25, 1923.)

### Appeal from Franklin Circuit Court.

1. Insurance—Testimony of Insured Held to Show Unconditional Demand for Payment of Premium Note.—Though insured testified that he could not remember and would not undertake to state the exact language used by an insurance company's agent, his testimony that the agent "demanded" payment of the premium note, "dunned" him for the money due on the note, urged him to pay it, asked him to pay it that day, and inquired when he could pay it, is sufficient, in the absence of any denial by the company's agent, to take to the jury the issue whether the agent made an unconditional demand for payment of the premium note.

2. Courts—Stare Decisis Held Applicable to Previous Construction of Insurance Policy.—The doctrine of stare decisis is peculiarly applicable to a construction of a similar insurance policy made by the court before the policy in suit was issued in another action against the same defendant so that the defendant had actual knowledge and the insured constructive knowledge when the contract was made of the construction put upon it by the court, and therefore the prior holding that an unconditional demand for payment of a premium note waived a suspension of the policy under its terms will be followed, such holding not being clearly wrong, but, at most, doubtful, and there being no community interest at stake.

3. Courts—To Justify Departure from Long-Established Rule, Community Interest Must be Affected.—To justify a departure from an authoritative and long-standing construction of an insurance policy previous to its delivery and acceptance, it ought to be perfectly clear not only that the construction was wrong, but also that the evils of the established principle will be more injurious to the community than can possibly result from a change of the rule.

ROBERT G. GORDON and BRUCE, BULLITT & GORDON for appellant.

MORRIS & JONES and HOBSON & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant issued and delivered to appellee a policy of insurance against fire, etc., on his barn and silo, which were destroyed by fire within the five-year period covered by the policy. The company declined to pay the loss, and this suit followed, resulting in a judgment for the insured.

The form of the policy is known as a "farm install-ment policy," and by its terms the premium for the five-year period was payable in five equal annual install-ments. Accordingly, the insured paid the first install-ment when the policy was issued, and gave his notes for the deferred payments. When the fire occurred, the first of these notes was past due and unpaid, and the com-pany's sole defense is, that by the terms of both the pol-icy and the notes its liability was suspended during the period of such default.

In avoidance of this defense, the insured pleaded as a waiver by the company, its retention of the past due note and an unconditional demand for its payment.

At the conclusion of the evidence, both parties moved for a directed verdict, and plaintiff's motion was sus-tained.

The grounds urged for a reversal are (1) that plain-tiff failed to prove an unconditional demand for payment of the past due note, and (2) that the Kentucky cases, expressly holding that such a demand is a waiver of the identical suspension provision contained in this policy, are wrong and should be overruled.

The first contention is based upon the fact that the insured could not remember, and would not undertake to state the exact language of the company's agent upon the three occasions when he tried to collect the note, after it became due. But the witness did state that the agent "demanded" payment of the note; "dunned" him for the money due on the note; "urged" him to pay it; "asked" him to pay it that day; and inquired of him when he could pay it; that upon these occasions he told the agent he would pay the note in a week or ten days, or when he could sell his stock, and that the agent replied, "All right." He stated over and again, when urged by counsel for both sides to give the whole of these conver-sations, that he could not give the exact language, but that they were in substance as above stated.

The company did not put its agent on the stand to contradict or explain any of this evidence, although ad-mitting his authority then and now to act for it, and it seems clear to us that the court did not err in directing a verdict for the plaintiff, if, as we have held, an uncon-ditional demand for payment of the past due note re-tained by the company is a waiver of the suspension clause in the policy.

We have held in numerous cases, and uniformly, that this precise clause in this kind of policy is valid, but one which the company may waive.  Home Ins. Co. v. Karn, 19 Ky. L. R. 273, 39 S. W. 501; Blackerby v. Continental Ins. Co., 83 Ky. 574, 7 Ky. L. R. 653; Moore v. Continental Ins. Co., 107 Ky. 273, 21 Ky. L. R. 977, 53 S. W. 652; Walls v. Home Ins. Co., 114 Ky. 611, 24 Ky. L. R. 1452, 71 S. W. 650, 102 A. S. R. 298; Limerick v. Home Ins. Co., 150 Ky. 827, 150 S. W. 978, 44 L. R. A. (N. S.) 371.

In the last two cases, both against the appellant, an unconditional demand for payment of a past due note retained by the company was held to be a waiver of the same suspension clause now involved.

Conceding that at least these two cases must be overruled before the judgment in this case can be reversed, we are asked to review the reasoning upon which they were based, and to declare same unsound, notwithstanding the fact that with actual knowledge of this court's construction of its insurance contract, it issued the one here involved to the plaintiff, who had at least presumptive knowledge of its meaning when he accepted it.  We can hardly imagine a case that would call more strongly for the application of the doctrine of *stare decisis,* and in our judgment, simple justice between the litigants irresistibly demands that our decision of this case shall be controlled thereby.

It has been twenty years since this precise question was decided against this same appellant in the Walls case, and eleven years since, in the Limerick case, we refused to accede to the insistence of this same appellant that the opinion in the Walls case was wrong and should be overruled.

In order to justify a departure from such an authoritative and long standing construction of the contract previous to its delivery and acceptance, it at least ought to be perfectly clear, not only that such construction was wrong, but also that the evils of the established principle will be more injurious to the community than can possibly result from a change.  Certainly no mere consideration of the rights of these litigants, nor of the true significance of the language employed in their contract, could warrant such a departure, since, when delivered and accepted, the one had actual and the other presumptive knowledge, at least, of its meaning, as construed by the courts.

Counsel for appellant do not claim, and we do not see, that any community interest is involved or could be injured by an adherence to our construction of the contract, even if it were wrong, and it is not at all clear that it is not supported by reason as well as authority.

After a careful consideration by the whole court of the argument advanced for appellant, the very most that we are willing to concede is that the question, if an open one, would be debatable.

We are therefore clear, not only that the rights of the litigants demand adherence to the construction given their contract previous to its execution, but that there is no public interest or other sufficient reason to justify a departure therefrom.

Judgment affirmed.