## Clifton v. Hartford Fire Insurance Company.

(Decided June 17, 1924.)

### Appeal from Oldham Circuit Court.

Insurance—Letter Held Waiver of Default in Payment of Installment on Note.—Letter by insurer to insured after default in payment of installment on premium note, stating, "You have without a doubt read the conditions of your policy and fully understand that the prompt payment of all notes and installments is absolutely necessary to avoid possible calamity through suspension or lapse of contract," held to constitute a waiver of provision for suspension of liability after default in payment of installment on premium note.

EDWARDS, OGDEN & PEAKE and J. T. YAGER for appellant.

J. BALLARD CLARK and A. T. LADD for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On January 8, 1919, the Hartford Fire Insurance Company issued and delivered to J. S. Clifton a policy insuring his barn against fire in the sum of $1,000.00. Upon the delivery of the policy Clifton paid $14.20 in cash and executed and delivered to the insurance company his note for $56.80, payable in installments of $14.20 each on the first day of February in the years 1920, 1921, 1922 and 1923. The first installment was paid, but the second installment due on February 1, 1921, was not paid. On February 12, 1921, the barn was burned.

Clifton brought this suit to recover on the policy. The insurance company defended on the ground that the

policy was not in force at the time of the fire because of
the nonpayment of the installment due on February 1,
1921.    Clifton then filed two amended petitions in which
he attempted to plead a waiver of the suspension clause
based on the subsequent demand that the note be paid.
A demurrer was sustained to the petition as amended
and the petition dismissed.    Clifton has appealed.

Among the conditions of the policy is the following:

> "But it is expressly agreed that this company
> shall not be liable for any loss or damage that may
> occur to the property herein mentioned while any
> installment of the installment notes, given for prem-
> ium upon this policy, remains past due and unpaid;
> or while any single payment, promissory note (ack-
> nowledged as cash or otherwise) given for the whole
> or any portion of the premium, remains past due
> and unpaid.    Payments of notes and installments
> thereof must be made to the said Hartford Fire
> Insurance Company at the Western Farm Depart-
> ment office in Chicago, Illinois, or to a person or
> persons specially authorized to collect the same for
> said company, and it is expressly agreed that the
> failure of the assured to receive the notice that may
> be sent by the company of the approaching maturity
> of the premium note or notes, or any installment
> thereof, shall not operate to render the company
> liable for any loss or damage while such note or
> notes, or installments thereof remain overdue and
> unpaid.    The company may collect, by suit or other-
> wise, any past due notes or installments thereof and
> a receipt from the said Chicago office of the company
> for the payment of past due notes or installments
> must be received by the assured before there can be
> a revival of the policy, such revival to begin from
> the time of said payment and in no case to carry the
> insurance beyond the original term of this policy."

The application for the policy and the installment
note contained similar provisions.

On February 12, 1921, the company sent appellee
the following letter:

> "Please read carefully.
>
> "Policy No. 142232—$14.20 due February 1,
> 1921. We again call your attention to the above item
> now past due. We feel reasonably certain that you

desire insurance on your property. You undoubtedly realize that in order to keep your policy in force, your obligations to the company must be promptly met. You have without a doubt read the conditions of your policy and fully understand that the prompt payment of all notes and installments is absolutely necessary in order to avoid possible calamity through suspension or lapse of the contract. You can secure no better indemnity than that contained in a Hartford policy, but if the company is to stand between you and financial loss in event of damage or destruction of your property, then you must keep faith with us and meet your obligations as they mature.

"We again kindly ask you to send us $14.20 in payment of your installment note due February 1, 1921."

The question is whether the demand for payment in the foregoing letter was of such character as to constitute a waiver of the suspension clause. Appellee relies on Continental Ins. Co. of New York v. Peden, 145 Ky. 775, 141 S. W. 38, while appellant relies on Walls v. Home Ins. Co., 114 Ky. 611, 71 S. W. 650. In the Peden case the company notified the insured that his policy had lapsed by reason of the nonpayment of the premium note, and at the same time reminded him of the fact that if he wished to revive or reinstate his insurance, he would have to pay the note. It was held that the notice did not amount to a waiver, as payment was not demanded unconditionally, but only as a condition to the revival of the insurance. In the Walls case the provision of the policy was identical with that under consideration. After the note became due and was unpaid, the company demanded payment. "Nothing was said at the time concerning the company's claim that the policy was lapsed, or that the company's liability thereon was suspended during such time as the premium was unpaid. Nor was there coupled with the demand any statement by the company limiting its liability to future insurance, and denying its liability for the time intervening since the default in the payment of premium." It was held that the conduct of the company amounted to a waiver of the condition of the policy providing for the suspension of liability after default in the payment of the premium until the premium should be paid.

It is apparent, we think, that the case at bar is ruled by the Walls case. The installment due on February 1, 1921, was not paid. After that the letter quoted above was sent to the insured. It did not inform the insured that the policy was suspended, and that the payment of the note was necessary to revive the insurance. The nearest approach to such information was the statement, "You have without a doubt read the conditions of your policy and fully understand that the prompt payment of all notes and installments is absolutely necessary in order to avoid possible calamity through suspension or lapse of the contract." All that this means is that if the insured did not pay the note, possible suspension might follow. In other words, the letter deals with what might occur rather than with what had occurred, and falls far short of attaching any condition to the demand made for the payment of the note. In our opinion the demand for payment was unconditional and constituted a waiver of the suspension clause of the policy. It follows that the demurrer to the petition as amended was improperly sustained.

Judgment reversed and cause remanded for proceedings consistent with this opinion.