## Taulbee v. Drake et al.

December 6, 1946.

Wooton & Ward for appellant.

W. E. Faulkner for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Appellant and plaintiff below, S. S. Taulbee, filed a petition in equity against appellees and defendants below, Sally Drake and her husband, Shelton Drake, wherein he asked the chancellor to compel them to specifically perform an alleged written contract and convey to him a farm in Perry County owned by Mrs. Drake. After plaintiff completed his proof by depositions the case by agreement was submitted for judgment, the chancellor dismissed the petition and plaintiff appeals.

The case was heard by Hon. E. C. Wooton, special judge, who in a concise and well-reasoned opinion wrote that Taulbee was not a competent witness to prove the contents of a letter received by him from Mrs. Drake, and thought to be lost, which was the writing upon which he based his action, because his attorney, Hon. D. G. Boleyn, was the last person who had the letter and Mr. Boleyn was not offered as a witness.

Mr. Taulbee testified that he wrote Mrs. Drake in Detroit asking her how many acres of land she owned in Perry County and the price she wanted for it, saying he would like to buy it if her title was good. On Sept. 3, 1944, she answered him saying she had 77 acres to which she had good title, except the # 7 seam of coal had been sold, and that she would take $2500 for this land. He wrote Mrs. Drake he would buy the land and enclosed her a deed to be executed by her and her husband conveying the land to him, telling her that after the deed was executed to mail it to the People's Bank in Hazard which would pay her $2500.

The Drakes did not execute the deed and mail it to the bank, but shortly after receiving Mr. Taulbee's letter they came to Hazard. According to Taulbee's testimony they met him in Hazard and promised to execute the deed, deliver it to the bank and get the $2500 he had arranged for the bank to pay upon delivery of the deed. However, the Drakes changed their minds and refused to execute the deed which resulted in Taulbee bringing this action to compel specific performance of this alleged written contract, as represented by the correspondence passing between them.

Taulbee testified that he thought he left the letter Mrs. Drake wrote him on Sept. 3, 1944, (offering to sell him the property for $2500) with his attorney, D. G. Boleyn, who prepared the deed; that Boleyn had looked for the letter and could not find it, and witness supposed the letter was lost. This was not sufficient to allow Mr. Taulbee to testify as to the contents of the letter supposed to be lost, and the court properly sustained an objection to his testimony. Plaintiff's cause of action was founded upon the alleged lost letter, and before he could testify as to its contents it was incumbent upon him to show satisfactorily that it was lost and that he had exercised reasonable diligence to obtain the letter. It was not shown that Boleyn was inaccessible as a witness and as he was the last person who had possession of the letter, he should have been introduced to show that it was lost, or his absence satisfactorily explained. 32 C. J. S., Evidence, sec. 839, at page 768; 1 Greenleaf on Evidence, 16th Ed., sec. 363(b), p. 683; Home Ins. Co. v. Westerfield, 266 Ky. 494, 99 S. W. 2d 464; Sherman v. Sherman, 290 Ky. 237, 160 S. W. 2d 637.

Here, the proof by Taulbee of the loss of the letter which was last in the custody of Boleyn, who was not called as a witness and whose absence was not explained, was not sufficient to authorize the admission of secondary evidence as to its contents, and the chancellor was correct in so holding. As Taulbee failed to prove a written contract, the chancellor properly refused specific performance. We deem it unnecessary to discuss the several other questions raised in briefs.

The judgment is affirmed.