CASE 80—LIFE INSURANCE—FEB. 11.

# The Manhattan Life Insurance Co. v. Pentecost.

APPEAL FROM WEBSTER CIRCUIT COURT.

LIFE INSURANCE—FORFEITURE BY FAILURE TO PAY PREMIUM NOTE.— Where the insured had notice in advance of the maturity of a note given for unpaid premium that the company would treat his failure to pay at maturity as a forfeiture of the policy in accordance with the terms of said note and policy, it was not

incumbent on the company to notify the insured after such maturity to render the forfeiture effective.

F. M. BAKER, J. H. POWELL AND JOHN W. LOCKETT, FOR APPELLANT.

1. The assured held a life policy in the appellant company, containing this provision: "If any premium be not paid when due this policy shall be void and all payments made upon it shall be forfeited to the company."

2. When the second annual premium fell due, at the request of assured he was allowed to pay one-fourth of it in cash, and give his three notes payable with interest in three, six and nine months containing this provision, "and if this note be not paid at maturity said policy shall be void," and a receipt for the premium due was given.

3. The assured failed to pay the note first falling due, and after it had been returned by the local to the home office and some weeks after default, the assured died. The non-payment of the note suspended the insurance and the company is not liable. Joyce on Insurance, sec. 1209; Bane v. Travellers Ins. Co., 85 Ky., 677; Richardson v. Mutual Life Ins. Co., 14 Ky. Law Rep., 187.

4. The company did not waive the forfeiture of the policy by retaining the notes for the short time after default to the death of the assured. It made no demand for payment after default— a part of the premium represented in the note had been earned, and the company having given a receipt for the premium was entitled to hold the note and insist on the provision of forfeiture. No act was done to or with the assured to induce him to believe the policy was effective notwithstanding the default, and there was no waiver by the company of its rights under the contract. The policy was marked "lapsed" on the back and the note cancelled. Home Ins. Co. v. Karn, 19 Ky. Law Rep., 273; Moreland v. Union Central Life Ins. Co., 20 Ky. Law Rep., 432-435.

5. The taking of the notes with the condition embodied in them was at the request and for the accommodation of the insured and with full knowledge on his part both from the interview which led to the execution and the face of the notes, that if not paid when due he had no insurance. There being no controversy on these points the court should have dismissed the petition.

6. The verdict is contrary to the law as given by the court and not sustained by the evidence.

S. V. DIXON AND BOURLAND & RAYBOURN, FOR THE APPELLEE.

1. The failure of the company to return the notes was a waiver of the forfeiture.
2. The instructions were more favorable to appellant than it could reasonably demand.

Citations: Montgomery v. Phoenix Mutual Life Ins. Co., 14 Bush, 51; Louisville Underwriters v. Pence, 14 Ky. Law Rep., 21; Stevenson v. Phoenix Ins. Co., 6 Ky. Law Rep., 196; May on Insurance, 2 vol., (last ed.), secs, 342, 345E, 360A; Robbins v. American Mutual Aid Society, 11 Ky. Law Rep., 580; 27 Am. Rep., 453.

S. V. DIXON, BOURLAND & RAYBOURN, AND M. C. & G. D. GIVENS, FOR THE APPELLEE IN A PETITION FOR A REHEARING.

Citations: Ky. Stats., secs. 656-679; Murray v. Home Benefit Life Ins. Co., 90 Cal., 402; 25 Am. St. Rep., 135; Montgomery v. Phoenix, &c., Co., 14 Bush, 69; 79 Ky., 407; Moreland v. Union Cent. Life Ins. Co., 20 Ky. Law Rep., 435; Louisville Underwriters v. Pence, 93 Ky., 101; Stevenson v. Phoenix, &c., Co., 83 Ky., 12; Bane v. Traders' Ins. Co., 85 Ky., 683; Mut. Life Ins. Co. v. French, 30 Ohio, 240; 27 Am. St. R., 443; Joyce on Insurance, secs. 1211, 1212; May on Insurance, sec. 342, 345; Franklin Life Ins. Co. v. Wallace, 93 Ind., 7; McAllister v. New Eng. Life Ins. Co., 101 Mass., 558; Trade Ins. Co. v. Barroscliffe, 45 N. J., 543; Mich. Mut. Life Ins. Co. v. Bones, 42 Mich., 19; Shaw v. Republic Life Ins. Co., 69 N. Y., 286; Southern Life Ins. Co. v. Booker, 9 Heisk. (Tenn.) 606.

JOHN W. LOCKETT, FOR THE APPELLANT. IN RESPONSE. (J. H. POWELL AND F. M. BAKER, OF COUNSEL.)

In Moreland v. Union Cent. Life Ins. Co., 20 Law Rep., 432, it was held that the mere retention of a premium note containing a forfeiture clause after it was due was not a waiver of the forfeiture, but the company must do something else to show that it waived the forfeiture.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

On April 17, 1896, appellant issued a policy insuring the life of J. R. Pentecost for $1,000, in consideration of

$36.80, to be paid annually for twenty years on the seventeenth of April. He paid the cash premium due at the date of the policy. T. K. Wilson, appellant's agent, a few days before Apri 17, 1897, saw Pentecost in regard to the premium about to fall due, and Pentecost said to him that he was unable to pay the premium when due. Wilson then agreed to take $9.20 cash, and three notes, each for the same amount, due in three, six, and nine months; explaining to Pentecost that, unless he paid the notes when they fell due, his insurance would then cease and that the notes would contain that provision on their face. Wilson accordingly paid the $9.20, and executed the notes. Each of the notes contains these words, "If this note be not paid at maturity, said policy shall be void." Shortly before the first note, maturing July 17, 1897, fell due, appellant wrote Pentecost the following letter: "The premium note on your policy, number 103,165, will be due on the seventeenth day of July, 1897. We will send your note for collection to T. K. Wilson, agent, Sebree, Ky. Please give the same prompt attention, as it is essential to the validity of your insurance."

Wilson also wrote him that he had the note for collection. He replied that he could not then pay it, but would in five or ten days. Wilson wrote him then that he did not have to make his report until August 1st, and that, if he would pay it before that time, it would be all right. He did not pay it by August 1st. Wilson then returned the note to the company, which marked it "Canceled," and marked the policy "Lapsed" on its register. After this, and on August 30th, a friend of Pentecost asked Wilson, by telephone, if he had the Pentecost note. He answered, "No;" that he had sent it to the company in his report of August 1st. The friend then said that

Pentecost was sick and expected to die, and asked if the note could be paid; and Wilson told him, "No;" that Pentecost could not be reinstated without a certificate of health. Shortly after this Pentecost died. This suit was brought to recover upon the life policy, on these facts, and a recovery was had in the lower court.

It would seem from the record that the recovery was based on the idea that the company continued liable on the policy, notwithstanding the default in the payment of the note, until it notified Pentecost of the lapsing of his policy. There are some cases in this State in which language is used supporting this contention, but they all rest upon peculiar circumstances, and are not applicable here. The policy in this case provided that it should be void if any annual premium was not paid when due. When the premium fell due in April, as above stated, the appellant agreed to take one-fourth of the amount due in cash, and the balance in three notes, due in three, six, and nine months, upon the express agreement that, if a default was made in the payment of a note, the policy should then cease. In the letter which it afterwards wrote to Pentecost, he was expressly told that the validity of his insurance depended upon his prompt attention to the payment of the note. Wilson, to accommodate him, let the note run to August 1st; but, when he failed to pay then, he was bound to understand that his policy lapsed. There was no need for a further notice to him to this effect; for this notice had been given to him by Wilson when the note was taken, and had been reiterated, in effect, in appellant's letter to him. To require a further notice to him after the lapsing of the policy would be to add to the terms of the contract a thing that neither

party could reasonably have contemplated under the facts of this case.

In the recent case of Moreland v. The Union Central Life Insurance Co., 20 Ky. Law Rep., 435 [46 S. W., 518], this court said: "If we say the execution of the note was a payment of the premium, insurance for one year was thereby secured. But it was not in fact a payment, and its execution only secured a year's insurance on condition it was paid at maturity. Its non-payment effected a forfeiture, and the company was then called on to do nothing, save to act consistently."

This statement of the law is supported by the overwhelming weight of authority. See Thompson v. The Knickerbocker Life Insurance Co., 104 U. S., 252; Pitt v. Berkshire Insurance Co., 100 Mass., 500; Catoir v. Trust Co., 33 N. J. Law, 487; Baker v. Union Insurance Co., 43 N. Y., 283; Bacon on Benefit Societies and Life Insurance, sec. 372, and cases cited. Appellant acted entirely consistently after the payment of this note. It took no steps, except to mark the note "Canceled," and to register the policy as lapsed. Its home office was in New York, and it lost no right by not returning the note to Pentecost and demanding a surrender of the policy, under the facts of this case, within the limited time elapsing before his death. It is not unusual in such cases for applications to be made to reinstate policies, and it will be observed that Pentecost had only paid for insurance on his life up to July seventeenth. He had no right to insurance after that date. His policy had lapsed under the express agreement made when the note was taken, and the appellant having acted consistently and waived none of its rights, no recovery can be had.

The judgment of the court below is therefore reversed,

with directions to the court below to grant appellant a new trial and for further proceedings not inconsistent with this opinion.