326 KENTUCKY REPORTS. [Vol. 107

Potter v. Continental Insurance Company of the City of New York.

CASE 55—ACTION ON INSURANCE POLICY—Nov. 24.

# Potter v. Continental Insurance Company of the City of New York.

### APPEAL FROM M'CRACKEN CIRCUIT COURT.

1. INSURANCE—FAILURE TO PAY PREMIUM NOTE.—Where an insurance policy contains a clause that non-payment of a premium note suspends the insurance until the note shall be paid, and the loss occurs after the maturity of the note and before its payment, the company is not liable unless it retains the payment with knowledge of the fact that the loss has occurred.

2. SAME.—It is not a waiver of that provision of the policy for the agent to demand payment of the note after the loss has been sustained when the agent was ignorant of the loss when he made the demand.

GREER & REED FOR APPELLANT.

The company was estopped by its practice of crediting the appellee beyond the strict letter of his contract and by retaining the payment from the 11th to the 19th of November. May on Insurance, secs. 360, 361, 362 and 4; Herman on Estoppel, 2d., secs. 1204, 1206, 1207; Phoenix Life Ins. Co. v. Raddin, 120 U. S., 196; Ins. Co. v. Wolff, 95 U. S., 331; Ins. Co. v. Norton, 96 U. S., 241; 11 Am. & Eng. Ency. of Law, secs. 336, 338, 339, 340, 342; Blackberry v. Continental Ins. Co., 7 Ky. Law Rep., 656; Continental Ins. Co. v. Adams, 8 Ky. Law Rep., 269; 1 Am. & Eng. Ency. of Law, p. 419, sec. 14; Ky. Stats., sec. 679, ch. 32; Phoenix Ins. Co. v. Phillips, 16 Ky. Law Rep., 123; Underwriters' Assn. v. Monarch, 17 Ky. Law Rep., 878; Murray v. Home Benefit L. Assn., 25 Am. St. Rep., 135 and notes to page 137; Phenix Ins. Co., v. Tomlinson (Ind.), 21 Am. St. Rep., 203; Moreland v. Union Cent. Life Ins. Co., 20 Ky. Law Rep., 432; Union Central L. Co. v. Duvall, 20 Ky. Law Rep., 441.

HENRY BURNETT FOR THE APPELLEE.

The company was not estopped because as soon as it learned of the fire it immediately returned the premium. Blackerby v. Continental Ins. Co., 83 Ky., 574; Continental Ins. Co. v. Coons, 14 Ky. Law Rep., 110; Dale v. Continental Ins. Co. (Tenn.), 31 S. W. R., 266; 29 Am. St. Rep., 443; Continental Ins. Co. v. Chew,

54 Am. St. Rep., 506; Harle v. Council Bluffs' Ins. Co., 71 Iowa, 401; s. c. 32 N. W. R., 396; Ostrander on Fire Insurance, pp. 289, 290, 291, 292, 293, 294, 295.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

The appellant, Potter, entered into a contract of insurance with the appellee in November, 1894. The contract of insurance continued five years, or, by its terms, from November 2, 1894, to November 2, 1899. At the time of making the contract, November 2, 1894, appellant paid a cash premium of $12.40, and executed his note for $49.60, payable in four annual installments, of $12.40, on November 1st. The policy provides: "But it is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any promissory note or obligation, or part thereof, given for the premium, remains past due and unpaid."

The note executed contains this stipulation: "And it is hereby agreed that, in case of nonpayment of any one of the installments herein named at maturity, this company shall not be liable for loss during such default, and the policy for which this note was given shall lapse until payment is made to this company in New York, or to the Western department, at Chicago; and, in the event of non-settlement for time expired, as per terms on short rates, the whole amount of installments remaining unpaid on said policy may be declared earned, due and payable, and may be collected by law."

The second payment was made by appellant, a few days after due, to a bank in Paducah. The property covered was destroyed by fire on November 7, 1896; the third payment, due November 1, 1896, not having been paid.

However, on November 11, 1896, appellant, without notifying appellee of the loss, sent by registered mail the

third payment of $12.40. This was received the 13th, and was returned on the 19th to appellant for the reason (given) that appellee had received information that a loss had occurred November 7th, while appellant was in default.

In this action on the policy, these facts being proven, the court gave a peremptory instruction to the jury to find for appellee, and a verdict and judgment were rendered accordingly. After appellant's reason and motion for new trial were overruled, he prosecuted this appeal.

It is clear by the terms of the policy that appellee was not liable for any loss occurring while appellant was in default of payment; and, as the payment was made after the fire and loss, this provision will defeat a recovery, unless appellee has waived that provision.

There is no claim that anything was done by appellee that would amount to a waiver of this provision between the dates November 1st, the maturity of the payment, and November 7th, the date of the loss. It is contended, however, that when appellee received the payment on the 13th of November, and retained it till the 19th of the same month, appellee waived the nonliability clause; and, further, that by a demand for payment on the 15th, made in ignorance by that party of the remittance of the 11th, there was a waiver of the lapsing clause in the policy.

It is not pretended that appellee's agent who made the demand by letter dated November 15th, nor that the agent who retained the remittance of the 11th, knew of the loss before the 18th of November; and so any action taken by them was in ignorance of the fact of loss. By the terms of the contract

Potter v. Continental Insurance Company of the City of New York.

a payment at any time within the extreme limit would revive the lapsed policy, and appellant had a right to pay at any time; and appellee was obliged to receive the payment when tendered, and from the date of payment the policy became binding. In this case when the payment was made the loss had already occurred, and there was no property in existence on which to revive the policy. If appellee had received the payment, or retained the payment, after knowledge of the loss, a different question would be presented.

We are clearly of opinion that no waiver of the express provision in the policy is shown. There was no act done by any agent of appellee before the loss that would amount to a waiver of this provision of the policy providing for lapse during non-payment. This fact distinguishes this case from the case of Moore v. Insurance Co. (recently decided by this court) [53 S. W. 652]. And for the same reason numerous cases cited by counsel for appellant seem inapplicable.

It therefore follows that the peremptory instruction was proper. Judgment affirmed.