## Continental Insurance Co. of New York v. Peden.

(Decided December 8, 1911.)

Appeal from Christian Circuit Court.

Fire Insurance—Nonpayment of Premium Note—Lapse—Waiver.— Where a fire insurance policy and a premium note provide that the policy shall lapse in case of nonpayment of the note, a letter and subsequent written notice sent by the company to the insured without knowledge on its part that the property insured had been burned informing him of the lapse and of the necessity of paying the premium note in order to revive the insurance do not constitute a waiver, nor are they sufficient to show that the company retained and regarded the note as an existing liability and was making an unconditional demand of payment, thereby waiving the lapse.

SELDEN Y. TRIMBLE, TRIMBLE & BELL for appellant.

JNO. C. DUFFY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

On July 16th, 1908, appellant, Continental Insurance Company of New York, issued to appellee, G. G. Peden, a policy of fire insurance covering his house and household furniture and kitchen furniture. The policy was to run for a period of five years. Appellee delivered to appellant one promissory note for $9.30, due and payable on January 1st, 1909, and another note for $37.20, payable in annual installments of $9.30 each, on the 1st day of September of each year thereafter for a period of four years.

The note in question contains the following provision:

"And it is hereby agreed that in case of non-payment of any one of the installments herein named at maturity, this company shall not be liable for loss during such default, and the policy for which this note was given shall

lapse until payment is made to this company in New York or to its Western Department at Chicago."

There is also contained in the policy the following provision:

"But it is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned, while any promissory note or obligation, or part thereof, given for the premium remains past due and unpaid. Payment of notes must be to the Continental Insurance Company, at its office in Chicago, Illinois, or its office in New York, or to an authorized person having such note in possession for collection. The company may collect by suit or otherwise, the premium note or notes, and a receipt from the office of the company must be received by the assured before there can be a revival of the policy, which shall in no event carry the insurance beyond the original terms."

The first note for $9.30, due January 1st, 1909, was not paid when due, but was paid some four or five months later. This payment kept the policy alive until September 1st, 1909, when the first installment of $9.30 of the premium note became due and payable. On August 18, 1909, appellant, from its office in Chicago, mailed a notice to appellee, at Hopkinsville, Kentucky, of the installment due on September 1st, 1909. This notice was received by appellee's brother and was forwarded to appellee at Franklin, Kentucky. On receipt of this notice, appellee wrote to appellant that he did not have the money to pay the installment at the time it became due, and asked for further time. On September 3rd, 1909, appellee's dwelling house and contents were destroyed by fire. On September 4th, appellant wrote to appellee the following letter:

"Chicago, Illinois, Sept. 4, 1909.

"Mr. G. G. Peden,

"Franklin, Ky.

"Gentlemen: Policy No. 292392. Amount due $9.30.

"Yours of recent date: We will not press collection at present, but when the amount due is received proper receipt reviving the insurance will be sent forward. Under the terms of the contract it is up to the policy holder to keep the insurance alive by payment of the premium, and as the Insurance Department does not approve of further subdivision of the premium, where it was originally divided into five installments, you will

readily realize the importance of paying the installments at an early date, in order that the insurance may be reinstated. Remit with a line quoting number of the policy.

"Yours very truly,

"THE CONTINENTAL INSURANCE COMPANY,

"Per WOOD."

Neither appellant nor appellee knew at that time of the fire. About the same time appellee's brother notified appellant's agents at Hopkinsville that the house and contents had been destroyed. These agents did not, however, notify appellant of the fire at that time. On September 15th, 1909, appellant, at its office in Chicago mailed to appellee a second notice of the premium due, which notice is as follows:

"Chicago, Illinois, Sept. 15, 1909.

"Mr. G. G. Peden,

"Hopkinsville, Ky.

"Dear Sir:

"We have previously sent you notice of the maturity of your note given for insurance in this company under policy No. 292392, but have received no reply. Possibly our notice has miscarried, or you have some reason for not replying. If the latter, we should be pleased to have you explain. The amount of payment necessary to revive the insurance under the above policy is $9.30. We trust you will remit same to us by bank draft, postoffice or express money order drawn payable to the Continental Insurance Company, as per addressed envelope which, for your convenience, we enclose herewith. We need not suggest to you that the company is in every way worthy of your confidence, but we call your attention to the financial statement shown on the back hereof. The conduct of its business under the safety Fund Law makes its policy a particular desirable one for the farmer, as the company could not fail by the burning of any large city or cities. If you do not desire to have the insurance revived the amount now required to pay the earned premium to date is $18.60. While the law requires us to designate the amount of earned premium you must pay to cancel policies, for your own protection we would prefer you to pay your delinquent premium installments and thus re-

vive your insurance. In replying, please quote the number of your policy.

"Yours very truly,
"THE CONTINENTAL INSURANCE COMPANY,
"G. E. KLINE, Vice President."

At the same time the above notice was mailed to appellee, appellant's clerk mailed about 300 similar notices.

The appellant having declined to settle, appellee brought this action to recover on the policy. Appellee based his right to recover on the fact that appellant was holding his promissory note for premiums as an evidence of indebtedness against him at the time the fire occurred, and was attempting to collect and demanding payment of the premium note due on the policy. This appellant denied, and set up the forfeiture clause as a defense to appellee's right to recover. A trial before a jury resulted in a verdict and judgment in favor of appellee for the sum of $494.75. The insurance company appeals.

It is earnestly insisted by appellant that, under the facts of this case, it was entitled to a peremptory instruction. For appellee it is insisted that the facts of this case bring it within the rule laid down in the case of Walls v. Home Insurance Company of New York, 24 Ky. Law Rep., 1452, and Moreland v. Union Central Life Insurance Co., 104 Ky., 129. As the evidence shows that appellant sent the letter and mailed the notice to appellee without knowing that appellee's house had been burned, it is not seriously contended, nor could it be contended that these acts, done in ignorance of the fact that the property had been destroyed, constitute a waiver. Potter v. Continental Insurance Co., 107 Ky., 326. It is insisted, however, that the letter and notice are evidence of the fact that appellant was retaining the premium note and demanding payment thereof. Even if we concede this proposition, the whole of the letter and the whole of the notice must be considered. What is the effect of the letter? It does not demand the payment of the note at all hazards; it does not recognize the note as a subsisting liability, except in the event that appellee desires to revive his insurance; it states most emphatically that when the amount due is received proper receipt reviving the insurance will be forwarded. Again, it states: "You will readily realize the importance of paying the installments at an early date, in order that the insurance may be reinstated." In the notice mailed on the 15th,

we find the following: "The amount of payment necessary to revive the insurance under the above, policy is $9.30." In another part of the notice is the following: "If you do not desire to have the insurance revived the amount now required to pay the earned premium to date is $18.60. While the law, requires us to designate the amount of earned premium you must pay to cancel policies, for your own protection we would prefer you to pay your delinquent premium installment and thus revive your insurance."

The difference between this case and the cases of Walls v. Home Insurance Company and Moreland v. Union Central Life Insurance Company may readily be seen. In each of those cases the company recognized the note as a liability at all events, and made an unconditional demand for payment. In the present case there was no unconditional demand for payment, but merely a notice or request to pay in the event the insured desired to revive the insurance. In those cases the court recognized the doctrine that all the insurer was required to do after default in premium under such condition, if it did not wish to continue its liability under the policy, was to so act that its conduct would not be inconsistent with the claim of non-liability. That is exactly what appellant did in this case. It notified appellee that his policy had lapsed by reason of the non-payment of the premium note; at the same time it reminded him of the fact that, if he wished to revive his insurance, he would have to pay the note. Thus payment was insisted upon only as a condition to a revivor of the insurance, and not because appellee had incurred a liability which he had to meet at all events. We, therefore, conclude the trial court should have directed a verdict in favor of the appellant.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.