## New York Life Insurance Company v. Conner.

(Decided November 14, 1913).

### (Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

Insurance, Life—Policy—Provision for Automatic Paid Up Insurance— —Waiver.—Where on non-payment of premium an insurance policy provides for automatic paid up insurance, mere inaction on the part of the company will not constitute a waiver of its provisions.

KEITH L. BULLITT, JAMES H. McINTOSH and BRUCE & BULLITT for appellant.

D. A. SACHS, JR., and M. A., D. A. & J. G. SACHS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

On June 27, 1904, the New York Life Insurance Company issued to Lounett Thomas Conner a policy of insurance, insuring his life in favor of his wife, Florence M. Conner, in the sum of $3,000. Lounett Thomas Conner died November 23, 1911. Plaintiff, Florence M. Conner, brought this action to recover on the policy. A demurrer was sustained to the amended answer of the defendant, and judgment rendered in favor of plaintiff for the amount of the policy, less the indebtedness thereon, and the amount of the premium due June 27, 1911. Defendant appeals.

The annual premium on the policy was $128.37. All the premiums up to and including that for the year 1910 were paid. On about April 1, 1911, the insured borrowed from the defendant the sum of $525. To secure the payment of this indebtedness, he deposited the policy of insurance with the company as collateral security.

The policy provides as follows:

"If any premium or interest is not paid on or before the date when due, after the policy has been in force two full years, and if there is an indebtedness to the company, insurance for the net amount that would have been payable as a death-claim immediately before such due date, will automatically continue from such due date, as Term Insurance for one month; if the policy is not restored within said month as herein provided, the insurance will thereafter automatically become a paid-up insurance for an amount payable to the designated beneficiary only in event of death of the insured before the end of the accumulation period, and for the amount of cash payable to the insured at the end of the accumulation period only if then living, such amounts to bear the same proportion to the amounts stated in column 2 and column 3, respectively, of the table on the second page, as any excess of the reserve under this policy calculated according to the American Table of Mortality with interest at 4 1-2 per cent over such indebtedness, bears to the reserve itself."

The premium due in advance on June 27, 1911, was not then paid, nor was any note executed for it nor any arrangement of any kind made by the insured with reference thereto. No demand was made on the insured for the payment of that premium, nor did any communication pass between him and the company. At the time of the death of the insured on November 23, 1911, the premium due on June 27, 1911, had not been paid, nor had any portion of the indebtedness of $525 on the policy been paid. The value of the paid-up insurance available on the policy on June 27, 1911, was $738. The reserve under the policy was $567. The excess of the reserve over the indebtedness was $42. The proportionate amount of paid-up insurance payable to the beneficiary in the event of the insured's death before the end of the accumulation period was $54.60. The foregoing facts appear from the answer of the defendant. By amended answer the company alleged that upon the failure of the insured to pay the premium on June 27, 1911, and upon his failure to restore the policy within 30 days thereafter, it thereupon treated and considered the policy lapsed, subject to the insured's right to automatic paid-up insurance; that on December 29, 1911, the company, in ignorance of the death of the insured, mailed the policy to him, and in order to call his attention to his non-for-

feiture rights, made upon the policy the following endorsement:

"In accordance with the terms of the loan agreement of the 1st of April, 1911, and on account of the default of the payment of the June 27, 1911, premium and loan interest, this policy is continued for the reduced amount of $54.60 for a term of 13 years from June 27, 1911, to June 27, 1924, with a cash payment of $41.00 at that date if insured is then living."

"New York, Dec. 29, 1911."

It will be observed that the policy contract provides that if any premium or interest is not paid on or before the date when due after the policy has been in force two full years, and there is an indebtedness to the company, insurance for the net amount that would have been payable as a death claim immediately before such due date will automatically continue from such due date as term insurance for one month. But if the policy is not restored within that month, as provided by the contract, the insurance will thereafter automatically become a paid-up insurance for a certain amount. Indeed, the contract is substantially the same as section 659, Kentucky Statutes. In the present case there was an indebtedness against the policy, and the insured defaulted in the payment of the premium due June 27, 1911. The policy was not restored within a month after the default. Therefore, the policy was automatically converted into paid-up insurance unless this provision of the contract was waived by the company. In sustaining the demurrer to the company's answer, the trial court proceeded on the theory that although the policy provided for automatic paid-up insurance for a reduced amount, the fact of the company's having deemed it necessary to make an endorsement on the policy to that effect would indicate that so far as the company's rights were affected the change was not to be an automatic one, but at its election, and not having made this election when it was due, to-wit: July 29, 1911, or at any time prior to the date of endorsement, to-wit: December 29, 1911, which was more than five months after the election should have been made and more than one month after insured died, such contract on the part of the company was sufficient to constitute a waiver of the provisions of the policy relied on. In support of this position we are cited to the case of New York Life Insurance Co., v. Evans, 136 Ky., 391. In that case the facts were

these: The policy provided that in case of lapse for non-payment of premium, "a paid-up policy will be issued on demand," etc. The insured, in part payment of the premium, on April 20, 1904, executed a note payable on October 20, 1904. The note was not paid at maturity. The company retained the note and wrote the insured a number of letters urging reinstatement. In addition to this several witnesses testified that in some of the letters the company demanded payment of the note. The insured mailed to the company on January 19, 1905, a check for the amount of the note, and the company cashed the check and held the proceeds pending the receipt of the health certificate and application for reinstatement. The insured died January 20, 1905. The company denied liability for the face of the policy on the ground that the policy had lapsed for non-payment of the premium note when the same fell due, and insisted it was liable only for the amount of paid-up insurance provided for in the non-forfeiture clause of the policy. The beneficiary contended that by urging the payment of the note and holding it was a subsisting obligation of the insured, the company indicated an intention to waive the failure of the insured to pay the note promptly when due. The judgment was reversed because of error in the instructions, but the court held that there was some evidence of a waiver, and remanded the case for a new trial upon the issue whether or not the company, by its conduct, indicated an intention to waive the payment of the note. That case did not extend the waiver doctrine, but simply applied the old rule in force that where a provision in an insurance policy provides for the lapse of the policy for nonpayment of a premium note, the provision may be waived by the insurer's retention of the note and making an unconditional demand for payment. Limerick v. Home Insurance Co., 150 Ky., 827, 150 S. W., 978; Moreland v. Union Central Life Insurance Co., 104 Ky., 129; Walls v. Home Insurance Co. of N. Y., 24 Ky. L. Rep., 1452; Moore v. Continental Insurance Co., 107 Ky., 273. The doctrine of these cases is based on the fact that in each instance the company showed an unequivocal election to treat the policy as a subsisting obligation. On the other hand, in the case of the Continental Insurance Co. of N. Y. v. Peden, 145 Ky., 775; the company notified appellee that his policy had elapsed by reason of the nonpayment of the premium note. At the same time it reminded him of the fact that if he wished to revive his

insurance, he would have to pay the note. There was no unconditional demand for payment, but merely a notice or request to pay in the event the insured desired to revive the insurance. It was held that such request did not constitute a waiver. It has likewise been held in a number of cases that the right to enforce a forfeiture for non-payment of a premium or a premium note is not waived by mere silence or inaction on the part of the company. Franklin Mutual v. McAfee, 28 Ky. L. Rep., 675; Manhattan Life v. Savage, 23 Ky. L. Rep., 483; Crutchfield v. Union Central, 23 Ky. L. Rep., 2300; N. Y. Life v. Warren Deposit Bank, 25 Ky. L. Rep., 325; Manhattan Life v. Pentecost, 20 Ky. L. Rep., 1442, 1443; Union Central v. Duval, 20 Ky. L. Rep., 441, 443.

In the present case it was the duty of the insured to pay the premium promptly, and it was provided for in the policy that in the event of non-payment the policy should automatically lapse and be converted into paid-up insurance. The policy did not require affirmative action on the part of either the company or the insured. All that it is claimed that the insurer did was to retain the note and the policy. The company made no demand on the insured for the payment of the premium note past due or the indebtedness on the policy. It remained silent and inactive. In our opinion, this did not constitute a waiver of the provision with reference to paid-up insurance. Nor can we see how the endorsement made on the policy after the insured's death affects the question one way or another. Unless there was a waiver of the provision by the company the rights of the parties were fixed by the contract. No endorsement on the policy was necessary to give effect to its provisions. It neither added to nor subtracted from the rights of the parties. It follows that the court erred in sustaining the demurrer to defendant's answer.

We have considered this case from the standpoint of the sufficiency of the answer as amended. Other questions are discussed by plaintiff, but in view of the fact that they are not presented by the pleadings, we deem it unnecessary to consider them.

Judgment reversed and cause remanded for proceedings consistent with this opinion.