## Cheatham v. Home Insurance Co. of New York.

(Decided October 24, 1919.)

### Appeal from Washington Circuit Court.

1.   Insurance—Failure to Pay Premium Note.—The provision in a policy of insurance and an installment note representing the pre-

mium, providing that the company shall not be liable for any loss or damage to property while any premium note remains due and unpaid is valid and enforcible, and the failure on the part of the insured to pay said note, when due, is a sufficient defense in an action on the policy to recover for a loss occurring during the period when the premium is past due and unpaid.

2. Insurance—Forfeiture of Policy—Waiver.—Such provision for forfeiture of the policy for non-payment may be waived by the company by any action on its part indicating its intention not to insist upon the forfeiture.`

3. Insurance—Forfeiture of Policy.—If a company elects to treat the policy as a subsisting obligation it cannot, when subsequent events make it to its interest to do so, withdraw the election then made and say the policy was forfeited.

4. Insurance—Non-Payment of Premium—Waiver.—The right to enforce a forfeiture for non-payment of a premium or premium note is not waived by mere silence or inaction on the part of the company.

5. Insurance—Non-Payment of Premium—Burden of Proof.—In a suit on a policy which it is claimed is forfeited for non-payment of premiums, the burden is on plaintiff to prove there has been a waiver of the provision of forfeiture and to show the policy was in force at the time of the loss.

6. Insurance—Representations of Agent.—Representations of an agent prior to the date of the policy that notice of the time of payment of the premiums would be given is not binding on the company as all previous verbal arrangements are merged in the written contract.

7. Insurance—Payment of Premiums—Custom.—If the insurance company, by its acts or declarations, constituting a custom, received premiums. without objection, after they are past due, and this custom is known to and relied upon by the insured, the company will be deemed to have waived the right to claim a forfeiture.

8. Insurance—Indulgence in Payment of Premiums—Waiver.—Mere indulgence in the payment of a premium does not constitute a waiver of the policy provision. To have any binding effect the course of dealing must amount to a custom known and relied upon.

W. C. McCHORD for appellant.

W. F. GRIGSBY and GORDON & LAURENT for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Appellee on October 6, 1915, issued a policy of insurance to William Sweeney, insuring his property against loss or damage by fire to the extent of $700.00, a portion of which included the contents of his dwelling. The policy was for a term of five years; the premium

$30.80, which was paid one-fifth in cash and four notes for $6.16, each, payable on November 1, 1916 to 1919, inclusive.

December, 1915, Sweeney sold the property to appellant, at which time the policy was assigned to the latter, who assumed payment of the notes as well as the conditions of the policy.

Policies containing the identical provisions found in the policy sued on have been construed by this court in a number of cases. Limerick v. Home Insurance Co., 150 Ky. 827, 150 S. W. 987, and cases therein cited.

It is provided in both the policy and the installment notes that the company shall not be liable for any loss or damage to the property while any installment or premium note remains due and unpaid. The note due November 1, 1916, was paid, but not on the day of its maturity. The note due November 1, 1917, was not paid, and on the 5th of that month the property was destroyed by fire; the company declined to pay the policy and this action was instituted by appellant. At the conclusion of the evidence introduced in his behalf on this trial there was a directed verdict for the appellee. Appellant seeks a reversal of the judgment entered pursuant to said peremptory instruction.

It is well settled in this and other jurisdictions that provisions similar to those contained in the Cheatham policy, as to the forfeiture for non-payment of the premium note or any installment thereof, are valid and enforcible, and that failure on the part of the insured to pay said notes when due is a sufficient defense in an action on the policy to recover for a loss occurring during the period when such premium is past due and unpaid.

That the company may waive provisions for forfeitures such as contained in this policy, is equally as well settled. In the opinion in Inter-Southern Life Ins. Co. v. Duff, 184 Ky. 227, 211 S. W. 738, will be found many cases wherein the court has construed such provisions. An examination of these cases will show the circumstances and conditions under which the company was held to have waived the provisions referred to.

As said in Ray v. Commonwealth Life Ins. Co., 184 Ky. 215, 211 S. W. 736:

"We have written in a number of cases that the insurer must stand on the forfeiture if it wishes to have the benefit of it. It cannot claim the forfeiture and in-

sist on the payment of the note. The assertion of a claim of the note is inconsistent with the claim that the policy is forfeited; if forfeited there is nothing to be paid on it. If the company elects to treat the policy as a subsisting obligation it cannot, when subsequent events make it to its interest to do so, withdraw the election it then made and say the policy was forfeited.''

On the other hand it has been frequently held that the right to enforce a forfeiture for non-payment of a premium or a premium note is not waived by mere silence or inaction on the part of the company. Manhattan Life Ins. Co. v. Pentecost, 20 Rep. 1442, 105 Ky. 642, 49 S. W. 425; Manhattan Life Ins. Co. v. Savage, 23 R. 483, 63 S. W. 278; New York Life Ins. Co. v. Warren Dep. Bank, 25 Rep. 325, 75 S. W. 234; Franklin Life Ins. Co. v. McAfee, 28 Rep. 676, 90 S. W. 216; New York Life Ins. Co. v. Connors, 155 Ky. 779, 160 S. W. 491.

Forfeitures are not favored in the law, and if there was any evidence of any act on appellee's part that might be construed as a waiver, or of anything inconsistent with its election to stand by the provisions of the policy the case would be one for the jury. Under the state of the pleadings the burden was on appellant to prove there had been a waiver of the provision of forfeiture and to show that the policy was in force at the time of the fire; failing so to do appellee would be entitled to a directed verdict.

Appellee's agent testified that it was the custom of the company to send out notices to its policyholders of all unpaid premium notes at least ten days before the maturity thereof. Appellant nowhere denies receiving such a notice, but relies upon a statement made to him by the agent at the time the transfer was made from Sweeney, to the effect that they would fix him up all right. The evidence is not sufficient to show a promise on the part of the agent to keep the appellant advised or notified as to the due dates of the notes, nothing more than to see that his insurance was put in proper shape.

It is not contended appellant had any conversation with the agents other than when the transfer was made from Sweeney; consequently he does not rely upon any promise or agreement subsequent to that date.

Representations of an agent made prior to or at the time of the issuance or transfer of a policy, that notice of the time of payment of the premiums would be

given insured in time to pay them and that he need give himself no uneasiness on that subject is not binding on the company, and such a representation can create no estoppel, as all previous verbal arrangements are merged in the written contract. As said in Joyce on Insurance, sec. 1354:

"The insured will not be permitted to show, in order to establish a waiver of punctual payment of premiums, or to avoid a forfeiture for default in payment, the acts or declarations of the company or its agents made at or prior to the time the contract was completed, or to show an oral agreement with the company or its agents, where such agreement, acts, or declarations are contrary to the stipulations of the policy, and are not incorporated therein or made a part thereof, by reference or otherwise."

It has been held that if an insurance company or its authorized agent, by its habits of business, or by its acts or declarations or by a custom to receive overdue premiums without objection, or by a custom not to exact prompt payment of the same, or, in brief, by any course of conduct, has induced an honest belief in the mind of the policyholder, which is reasonably founded, that strict compliance with a stipulation for punctual payment of premiums will not be insisted upon, it will be deemed to have waived the right to claim the forfeiture or it will be estopped from enforcing same. Joyce on Insurance, sec. 1356.

If such was appellee's custom with its policyholders, and we do not think the proof sufficiently shows such to be the case, appellant has failed to show that he either knew or relied thereon. Mere indulgence in the payment of premiums does not constitute a waiver of the policy provision. The course of dealing must amount to a custom. We find nothing in this record to justify the appellant in believing the company would not insist upon a forfeiture.

New York Life Ins. Co. v. Evans, 136 Ky. 391, 124 S. W. 376, is relied upon by appellant as supporting his contention, but an examination of that case shows that after the premium note had matured, the company retained the note and wrote the insured a number of letters urging reinstatement and in some of the letters the company demanded payment of the note. This brought the case in line with the decisions hereinabove referred to, and made the case one for the jury.

In the instant case there is nothing to show the company did anything evidencing any intention on its part to waive the forfeiture provision relied upon. It was appellant's duty, under the contract, to pay the note when it matured. The policy provides that it will not be binding if the premium or any installment thereof is not paid at maturity. No affirmative action on the part of the company was required.

The company made no demand on the appellant for the payment of the premium note; it merely remained silent and inactive, and this did not constitute a waiver of the provision referred to.

For the reasons given the court did not err in directing the jury to find for appellee, and the judgment must be affirmed.