## Dancey v. Cotton States Life Insurance Company.

(Decided January 14, 1927.)

### Appeal from Jefferson Circuit Court (Common Pleas, First Division).

Insurance—Course of Dealing Indicating Intent Not to Insist on Forfeiture for Premium Nonpayment Held Not to Warrant Recovery.—Course of dealing leading beneficiary to believe that stipulation for lapse of life policy when four weeks' premiums were past due would not be insisted on held not to entitle her to recover thereon, where no premiums were tendered or paid after such time before insured's death, nor any attempt made to extend time for payment to any designated period.

JOSEPH W. CAMBRON and ROBERT HUBBARD for appellant.

L. D. GREENE for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On June 19, 1922, the Southern Insurance Company, a Tennessee corporation, issued its policy upon the life of Walter Dancey, the husband of appellant and plaintiff

below, Susie Dancey, by which it, in consideration of a weekly premium of 35 cents, agreed and promised to pay plaintiff as the beneficiary therein the sum of $500.00 upon the death of the insured.  It was further agreed in the policy that if the insured was over ten years and under sixty years of age at the time of his death and it was produced by and was the result of "accidental injuries caused solely by external, violent and accidental means resulting in death within three months thereafter," then and in that event the sum payable would be increased to the extent of 50% of the amount for which the policy was issued.  It was also stipulated on the back of the policy and made a part of it that, "No one can alter the policy or waive its conditions except the president, a vice president, or the secretary," and further that: "Each and every premium must, within twenty-eight days after it becomes due, be actually paid to the company at its home office, but may be paid to a duly authorized representative of the company, provided at the time of payment such premium is entered by such representative in the premium receipt book belonging with the policy.  Should the agent fail to call and collect premiums, it is the duty of the insured to pay the same direct to the company.  Upon failure to pay any premium within the time and in the manner above provided, this policy shall lapse and all liability of the company thereunder shall cease, unless the insured is then dead."

Before the accidental death of the insured, which occurred on March 16, 1925, the insurer, the Southern Insurance Company, withdrew from the insurance business in Kentucky and transferred all of its assets and the assumption of all of its obligations to the appellee and defendant below, Cotton Life Insurance Company, and it collected thereafter the weekly premiums on the policy which was one of the obligations it assumed in taking over the business of the Southern Life Insurance Company. The insured, as we have stated, sustained an accident from the effects of which he died within less than three months, and he was over ten and under sixty years of age, so that if the policy was collectible plaintiff would be entitled under its terms to the sum of $750.00, which amount she sought to recover from defendant in this action following the death of her husband, and after its refusal to pay the amount demanded or any part thereof.

The answer defended solely upon the ground that there were more than six weeks past due premiums unpaid at the time of the insured's death and under the quoted condition, *supra,* the policy thereby lapsed "and all liability of the company thereunder ceased," and that the policy had not been revived or reinstated in the manner prescribed in other portions of it. Plaintiff sought to avoid that defense upon the ground that by a course of dealing between herself and her husband and the company, the latter through its collecting agents had waived the stipulation for a lapsing of the policy when as much as four weeks' premiums were past due and unpaid, and by which she was led to believe that the condition would not be insisted upon. The company denied such alleged avoiding facts and upon trial at the close of the evidence the court sustained defendant's motion for a peremptory instruction in its favor, followed by a verdict in accordance therewith and a judgment dismissing the petition. Plaintiff's motion for a new trial was overruled and she appeals.

Passing the question as to the authority of the collecting agent of the weekly premiums to waive, by words or conduct, the stipulation with reference to the lapsing of the policy after twenty-eight days' premiums were due and unpaid in view of the quoted limiting condition of the policy, *supra,* and not deciding that question, we are of the opinion that the trial court properly directed the verdict for defendant and dismissed the petition.

Plaintiff's counsel rely on the case of Standard Accident Insurance Company v. Patton, 202 Ky. 566, and similar ones, both domestic and foreign, but none of them is applicable to the facts of this case. In the Patton case, as it appears from the opinion, the premiums were payable quarterly in amounts of $3.75. At the time it was due (September 1) a check was given by the beneficiary for a premium on another policy upon the life of her husband and for an additional sum of $2.36, which latter amount the collecting agent accepted as part payment on the future quarterly premium due on the policy sued on and agreed to give an extension of time to September 19, for the payment of the balance of the quarterly premium, amounting to $1.39. The insured died two days before the expiration of the agreed extension of time for the payment of that balance, but within the time for which the $2.36 that he accepted had paid the premium and

which, of course, made the policy alive and in full force and effect at the time of the insured's death. There was, therefore, no occasion for deciding any other question in that case; but the remaining portion of the opinion, although it was unnecessarily written, does not militate against the defense in this case, since it only holds that the company would be bound by the extension of time to the fixed date of September 19, within which to make payment of the premium, even if none of it had been paid.

· Here, there was never any agreement to extend the time for payment to any date, and the most that the relied on course of dealing between the parties could accomplish would be the right of the insured or his beneficiary to pay the premium after it had been due for more than twenty-eight days if tendered before the loss, or if collected *after* that time then the company could not rely on that fact in defense of an action on the policy. Every case and every authority cited by counsel for plaintiff does no more than hold that if payment is actually made or tendered within the extended time and before loss under the policy its lapsing or forfeiture will be thereby avoided. But no case is cited where neither tender nor actual payment was made within the extended time that the policy will be kept alive indefinitely so as to entitle recovery thereon whensoever the loss might happen.

However, in the more recent case of Commonwealth Life Insurance Company v. Van Hoose, 208 Ky. 741, we held under facts wherein it was necessary to do so in order to dispose of the case, that the clause limiting the authority of the collecting agent was valid and his attempted waiver of the stipulation concerning the collection of overdue premiums was in excess of his authority and would not bind the company, although he actually made the collections, if the company seasonably repudiated his action, which we held in that case it did. So that, the adjudication in the Van Hoose case disregarded what might be termed the dictum in the Patton case. In the course of the Van Hoose opinion we said: "But the opportunity for fraud under similar circumstances renders obvious the necessity for stipulations such as the contract of insurance contained. We can not ignore the express terms of the policy in order to permit appellee to win. Under the undisputed facts of this case, the instruction given that the jury might find for plaintiff if they believed from the evidence that, acting within the apparent scope

of his authority, the company's agent, by his acts and dealings with appellee, induced him, a reasonable and prudent man, to believe and he did believe that the terms of the policy would be waived as to payment for a reasonable time was wholly unwarranted in view of the express provision of the policy itself that agents had no such authority.'' That holding went further than is required under the facts of this case in order to uphold the judgment appealed from; since in this case no agent made collections on premiums after the four weeks' grace period, nor did any of them attempt to extend the time for their payments to any designated period, nor were any premiums tendered or paid at any time thereafter before the death of the insured.

We are, therefore, reluctantly driven to the conclusion that the defense interposed is a bar to plaintiff's right to recover, and the court did not err in sustaining the motion for a peremptory instruction in defendant's favor.

Wherefore, the judgment is affirmed.