## Hartford Fire Insurance Company v. Johnson.

(Decided January 28, 1927.)

Appeal from Fulton Circuit Court.

1. Insurance—Custom of Accepting Premiums After Due Held Not to Estop Insurer from Claiming Policy was Not in Force when Premium Installment was Overdue.—Acceptance by insurer of

premium installments after they were due, both on policy sued on and other policies, was not waiver of prompt payment of premiums, and did not estop insurer from claiming policy was not in force at day of fire because of nonpayment of installment on premium note, which exempted company from liability for loss occurring while any installment was due and unpaid.

2. Insurance—Entire Contract of Fire Insurance Must be Expressed in Policy (Ky. Stats., Section 762a-18).—Under Ky. Stats., section 762a-18, entire contract of fire insurance must be expressed in policy.

3. Insurance—Insurer Under Fire Policy Cannot Allow Special Advantages to One Man Over Another (Ky. Stats., Section 762a-19).—Under Ky. Stats., section 762a-19, insurance company cannot allow one man any special advantages over another in issuing fire policy.

4. Insurance—Installments on Fire Policy Must be Paid to Continue Insurance Under Policy Exempting Insurer from Liability while Installment is Past Due.—Under fire insurance policy providing that insurer should not be liable for loss occurring while any installment of premium note was past due, premium installment must be paid to keep insurance in force.

5. Insurance—Fire Policy Held Not Continued in Force After Premium Note was Past Due by Retention of Note and Failure to Give Notice of Lapsed Policy.—Under fire policy exempting insurer from liability for loss occurring while installment of premium note was due and unpaid, retention of note after maturity, failure to demand surrender of lapsed policy for cancellation, or failure to notify insured that policy had lapsed and refusal to accept payment of installment after fire does not give validity to insurance.

6. Insurance—Fire Policy is Not Kept in Force for Insured Mortgagor, by Mortgage Clause Preserving Interest of Mortgagee After Default of Mortgagor.—Mortgage clause attached to fire policy providing that interest of mortgagee shall not be affected by default of insured mortgagor does not keep policy alive in favor of mortgagor after his default; mortgage clause being for benefit of mortgagee only.

B. T. DAVIS and MYERS & SNERLY for appellant.

HESTER & STAHR for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellant, whom we shall refer to as the fire insurance company, has made a motion for an appeal and asked for the reversal of a judgment for $300.00 recovered against it by the appellee, whom we shall refer to by name. In 1923, Johnson made application for a

policy of fire insurance, which the fire insurance company issued to him, and upon which this suit was instituted. At that time, Johnson had a lien on this property in favor of the New York Life Insurance Company, and there was executed and attached to this policy a mortgage clause containing the following provision:

"And this insurance as to the interest therein of the said mortgagee (or trustee) only, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by the commencement of foreclosure proceedings, nor the giving of notice of same relating to the property, nor by any change in the interest, title, or possession of the property, nor by any increase of hazard; provided that in case the mortgagor or owner shall neglect to pay any premium due under this policy the mortgagee shall on demand pay the same."

When the policy was issued, Johnson paid $24.96 and executed a note by the terms of which he agreed to pay the fire insurance company $24.96 on the first day of September, 1924, and a like sum on that day in each of the years, 1925, 1926, and 1927. This note, the application for this insurance and the policy in question each contained a condition that, in substance, provided that the fire insurance company should not be liable for any loss or damage that might occur to the property insured while any installment of this note was past due and unpaid. The first installment became due on September 1, 1924. It was not paid on that date, but on September 11, 1924, Johnson paid it. The company sent to Johnson in August, 1925, a notice of the approaching maturity of the second installment, which notice Johnson received about August 16, 1925. It contained the following:

"As the policy by its provisions lapses and remains suspended during the time in which this installment remains unpaid prompt attention is necessary to keep your insurance in force."

Johnson failed to pay this installment on September 1, 1925, and twenty days thereafter, a house which was insured in the sum of $300.00 under the policy was destroyed by fire. Thereafter, Johnson sent to the fire insurance company a check for this $24.96, which was returned to him. On December 12, 1925, he instituted this suit by the New York Life Insurance Company and F.

D. Johnson, for the use of New York Life Insurance Company, plaintiffs, against the fire insurance company. On January 18, 1926, the New York Life Insurance Company moved that its name be stricken from the petition as one of the plaintiffs, which motion was sustained. Thereupon Johnson amended his petition and moved that the New York Life Insurance Company be made a defendant, but it was never brought before the court on that amended petition. The answer of the fire insurance company set up the failure of Johnson to pay the $24.96 due September 1, 1925, and pleaded the terms of the note, the policy and the application, by which it was provided that the fire insurance company should not be liable for a loss sustained while a premium installment is past due and unpaid. At the close of the evidence, the fire insurance company moved for a peremptory instruction, which motion was overruled, and it excepted.

Johnson insists that, having accepted on September 11, 1924, the payment of a premium installment that had become due on September 1, and having, upon other insurance contracts that Johnson had with this company, accepted premium installments after they were due, that by virtue of such a course of dealing between the parties, the fire insurance company has waived the prompt payment of this premium, and is estopped to claim that this policy was not in force at the day of the fire. He insists that he is correct in this position for the further reason that after he failed to pay the installment due September 1, 1925, the company did not give him any notice of the lapse of his policy, nor did it return to him his note or demand a return of the policy for cancellation or give him any notice of its intention to cancel the policy, and that as he did offer to pay the $24.96, after the fire, the fire insurance company should have been required to accept it, and not having done so should not now be allowed to claim the policy is not in force. Relative to the custom of accepting premiums after they were due, the decision of this court in the case of Dancey v. Cotton States Life Insurance Company, 217 Ky. 547, 289 S. W. —, is against him. The reasoning in that opinion applies here, and is conclusive of Johnson's contention. Johnson's entire contract must be expressed in the policy. See section 762a-18 of the Kentucky Statutes. The company is forbidden to allow to one man any special advantage over another. See section 762a-19, Kentucky Statutes. These premium installments must be paid to keep the insurance

in force. The retention of the note after its maturity, the failure to demand the surrender of the lapsed policy for cancellation, the failure of the fire insurance company to notify Johnson that the policy had lapsed and its refusal to accept payment of the premium installment after the fire, are not sufficient to give validity to this insurance. See Cheatham v. Home Ins. Co., 185 Ky. 494, 215 S. W. 281; Continental Ins. Co. v. Stratton, 185 Ky. 523, 215 S. W. 416, 8 A. L. R. 391; Manhattan Life Ins. Co. v. Pentecost, 105 Ky. 642, 49 S. W. 425, 20 R. 1442; Blackerby v. Cont. Ins. Co., 83 Ky. 575, 7 Ky. L. R. 653; Crafton, et al. v. Home Ins. Co., 199 Ky. 517, 215 S. W. 992; Potter v. Cont. Ins. Co., 107 Ky. 326, 53 S. W. 669, 21 R. 1014; Home Ins. Co. v. Karn, 19 Ky. L. R. 273, 39 S. W. 501; Cont. Ins. Co. v. Peden, 145 Ky. 775, 141 S. W. 43; Ins. Co. of North America v. Gore, 215 Ky. 487, 284 S. W. 1107.

These questions disposed of, we come now to his final contention, which is that this contract was kept alive by virtue of the mortgage clause attached to the policy. That mortgage clause means exactly what it says. It was for the benefit of the life insurance company *only*. It is asking for no relief in this action. No demand was made of it and the premium installment was not paid, either by it or by Johnson before the fire. The court should have directed the jury to return a verdict for the fire insurance company, and because that was not done the motion of the fire insurance company for an appeal is sustained, the appeal is granted, the judgment is reversed and the fire insurance company is awarded a new trial.