MILLER, Judge.
Dock Linceum seeks damages which resulted from an automobile accident allegedly resulting from the negligence of James H. Short insured by State Farm Mutual Automobile Insurance Company. The trial court sustained State Farm’s motion for summary judgment, holding that it did not insure James H. Short on the date of the accident, August 26, 1967. Plaintiff has appealed.
Appellant contends that the trial court erred in that the insurance policy itself discloses a serious factual dispute as to whether the policy was in force on August 26, 1967. Secondly, that the trial court relied in part on arguments predicated on facts outside the record and not supported by affidavits or evidence.
The insurance policy in evidence states that it was issued April 17, 1967 and that it was to expire on July 27, 1967.[1] It further shows that semi-annual premiums on the policy were to be $151.90. As shown by affidavit, the terms of the policy were not met and the policy expired on July 27, 1967 for non-payment of premiums.
The policy does not provide, and the trial court so held, that the initial policy period had to be six months. Here the policy clearly stated that the initial period was from April 17, 1967 to July 27, 1967, a period of three and one-half months.
Plaintiff did not allege that there was any error in the policy. No counter affidavits were filed. Appellant argues that since the face of the policy shows that a six months premium amounts to $151.90 and since State Farm did not file an affidavit denying that $151.90 was paid on April 17th, it therefore follows that coverage should have been afforded for six months from April 17th.
There is nothing in the policy nor in the affidavit or exhibits indicating that the insured paid $151.90 for this policy which became effective April 17, 1967. The fact that the policy stated the cost of renewal for six month periods does not create a presumption that the original coverage was for a six month period.
We find no material factual dispute and the trial court’s decision is eminently correct. If the trial court referred to facts outside the record, these were not prejudicial to plaintiff’s claim.
*40 For these reasons the judgment of the trial court is affirmed. Costs of the appeal are to be paid by plaintiff-appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.

. The policy pei-iod on the policy is stated as:
“Item 2 — Policy period (Month-Day-Year) 04-17-67 to 07-27-67. The term of the policy shall be from 12:01 A.M. Standard Time at the address of the named insured as stated herein and as stated in Item 2 below.”
Item 2 of the Declarations states:
“Item 2 — Policy period: The term of the policy shall be as stated under item 2 on page 1 (quoted hereinabove) and for such terms of six calendar months each thereafter as the required renewal premium is paid by the insured on or before expiration of the current term.”