288 So.2d 139

Lavina GREGORY

v.

The TRAVELERS INDEMNITY COMPANY, a corporation.

Civ. 274.

Court of Civil Appeals of Alabama.

Dec. 19, 1973.

---

Radney & Morris, P. A., Alexander City, for appellant.

Samford, Torbert, Denson & Horsley, Opelika, for appellee.

BRADLEY, Judge.

Plaintiff, Lavina Gregory, filed a one-count complaint in the Court of Common Pleas of Tallapoosa County against defendant, The Travelers Indemnity Company, a corporation, for breach of contract. After judgment for defendant, plaintiff appealed to the Circuit Court of Tallapoosa County where a jury trial was sought. After the trial, defendant's request for a directed verdict was given and a verdict and judgment for defendant resulted. From said judgment, appeal has been perfected to this court.

Appellant, in its one assignment of error, contends that the trial court erred in directing a verdict for appellee. The basis of such contention is that an agency relationship was established by the evidence and this issue should have been presented to the jury.

The evidence showed that appellant purchased a 1970 Ford automobile in the first part of 1972 and financed the purchase through Security Mutual Finance Co., Inc.

of Alexander City, Alabama. Security Mutual, as part of its financing arrangements, required that the mortgagor secure a policy of collision insurance on the vehicle. Security Mutual contacted the Weston Agency for appellant relative to insurance and she went to the agency and applied for insurance coverage on the vehicle. She paid the premium for six months and a policy for the period March 6, 1972 to September 6, 1972 was issued and mailed directly to her by appellee. Prior to the September 6, 1972 expiration date, appellant renewed for another six months by paying the premium, which extended the policy to March 6, 1973. No premium was paid prior to March 6, 1973 so as to extend the policy for another six months beyond March 6, 1973. Forty days after March 6, 1973, the appellant's vehicle was damaged in a collision. On April 16, 1973 appellant reported her loss to the Weston Agency and at that time learned that the policy had terminated for nonpayment of premium.

Security Mutual was named in the policy of insurance as a lienholder and mortgagee, and two days after the accident they received a notice from appellee that the policy would be cancelled on April 27, 1973.

Appellant's argument here is that notice to Security Mutual on April 17, 1973 that the policy would be terminated on April 27, 1973 had the effect of maintaining the policy in force for her for the reason that Security Mutual was her agent and, since she had no notice of cancellation, notice to the agent was notice to her as principal.

Appellee counters by saying there is no evidence of an agency relationship between Security Mutual and appellant, nor was she entitled to any notice of termination of the policy for non-payment of premium.

■ The pertinent provision of the policy issued to appellant is:

"If the company elects not to continue this policy in force for a successive poli-

cy period, it shall mail to the insured named in Item 1 of the declarations at the address shown in this policy, written notice of termination not less than twenty days prior to the expiration date of the then current policy period; provided that, notwithstanding the failure of the company to comply with the foregoing provisions of this paragraph, this policy shall terminate

"1. on such expiration date, if

"(a) the named insured has failed to discharge when due any of his obligations in connection with the payment of premium for this policy or any instalment thereof, . . . ."

Obviously the above-quoted terms of the policy do not require the insurer to give the insured notice of termination of the policy for lack of payment of premium.

It is stated in Couch on Insurance 2nd, Sec. 39:214 that, "The parties are bound by the term specified in the contract for the duration of the risk. So, a policy terminates without notice where it contains a particular termination time." Courts in other jurisdictions have adhered to this rule. Linceum v. Short, 225 So.2d 38 (La. App., 1969); Hartford Fire Ins. Co. v. Johnson, 217 Ky. 826, 290 S.W. 673; Vidrine v. Southern Farm Bureau Casualty Ins. Co., 247 So.2d 660, (La.App., 1971).

In the instant case, the policy provided that it terminated on March 6, 1973 if the premium for an extension thereof had not been paid by said date. The premium was not paid on or before said date.

■ Even though the appellee was not required by the terms of the policy to give notice of the termination to the insured, it was required to give notice to Security Mutual as mortgagee and did so. However, such requirement to give notice to the mortgagee could not benefit the insured.

The applicable policy provision in this regard provides:

"In the event that the policy is canceled, or terminates because of the failure of the named insured to pay the required continuation premium, during the period of the Lienholder's interest as provided above, the company shall mail to the Lienholder notice of such cancellation or termination.

\* \* \* \* \* \*

"Loss, if any, under the policy shall be payable as interest may appear to the Lienholder . . . and this insurance as to the interest of the . . . mortgagee . . . shall not be invalidated by any act or neglect of the . . . Owner of the within described automobile . . . .

\* \* \* \* \* \*

"The company reserves the right to cancel at any time . . . but in such case the company shall notify the Lienholder when not less than ten days thereafter such cancellation . . . shall be effective as to the interest of said lienholder therein . . . . "

The above policy provision is referred to as a Standard or Union Mortgage Clause.

In his work on Insurance Law and Practice, Vol. 6A, Sec. 4164, Appleman says that the Standard Mortgage Clause in a policy makes a new contract with the mortgagee listed in the policy and nothing that the mortgagor does will affect the interest of said mortgagee. The purpose of this is to give the mortgagee the same benefit as if it had taken out a separate policy. Alabama has recognized that a separate contract is created by the Standard Mortgage Clause being inserted in an insurance policy. Liverpool & London & Globe Ins. Co., Ltd. v. Dickinson, 242 Ala. 107, 5 So.2d 90.

Consequently, in the case at bar, the appellee owed different obligations to appellant and Security Mutual. In the one instance, it owned no duty to notify the insured mortgagor that the policy had lapsed for non-payment of premium, but in the other instance there was a duty to notify the listed mortgagee of the approaching cancellation of the policy. In the latter instance notice was given, in the former it was not.

It would appear from this circumstance that Security Mutual was not interested in the policy as an agent of appellant but was interested in its loan of money to appellant and to have that interest protected by what was in effect a separate insurance policy.

■ The question now arises as to whether there was any evidence of agency between Security Mutual and appellant.

The appellant testified that Security Mutual contacted the Weston Agency to see if the vehicle could be insured and sent her over to the agency. She stated further that she went to the agency, signed the application, and paid the premium. She received the policy through the mail directly from appellee.

A representative of Security Mutual who handled the financing of the appellant's automobile testified that it was the policy of Security Mutual not to finance an automobile until the insurance had been obtained. Appellant stated that she and her family had done business with the Weston Agency, and as a result of this statement a finance employee called the agency for her and she went to it and obtained the insurance. We find no evidence of agency here.

■ Appellant also appears to say that the notice of cancellation sent to Security Mutual would also extend the date of the policy as it applied to her, but the answer to that, as appears from the evidence, is that Security Mutual was in the business of lending money and wanted to be assured that should it finance the purchase of the vehicle its interest would be protected by collision insurance. The receipt of a copy of the policy and notice of cancellation of it was in keeping with its primary interest and that was the protection of its loan of money.

The undisputed evidence was that the appellant did not renew her policy of insurance within the time limit set out therein; consequently, there was no coverage on the date of her loss.

The trial court was not in error in directing the jury to return a verdict for the appellee.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.